SCOTT & RAYMOND *vs.* ZEBULON R. SHIPHERD & AMOS W.
BARNUM.

One partner, after the dissolution of the partnership, cannot charge the firm with any
debt which they did not owe before the dissolution.

Nor can one by his own oath transfer to another a debt due from himself.

Where an agent of a company was authorized by one of the members to purchase
goods for the purpose of carrying on the business of the company, and also such as
might be wanted for the agent's private use; and the agent accordingly purchased
goods for the use of his family, with the understanding of himself and the vendors
that the goods were taken on the credit of the company, but were to be charged
to the agent for his own convenience, and that the account was afterwards to be
transferred to the company ; and after the dissolution of the partnership the mem-
ber, who gave the said authority to the agent, directed the agent's said account to
be transferred to the company ; it was held—

1. That all the partners were liable for the account thus transferred to the company.

2. That, in an action brought by the creditors against the company to recover for
these goods, the agent was an admissible witness for the plaintiffs to prove the lia-
bility of the firm, and that, if he were a partner, he would not be incompetent.

This case came before the Court on exceptions made to a re-
port of auditors in an action on *book account*. The report stated,
" That the defendants assented to the plaintiffs' charges made
directly against them as partners from the 20th day of May,
1824, to the 25th day of November, 1824, but objected to all
charges subsequent to that time, and also to the charges made
against *John J. Shipherd*, $167,17, and the interest on the same.
It appeared that the defendants were, during the time the said
account accrued, carrying on the business of manufacturing mar-
ble at *Vergennes* :—That on the 16th day of November, 1824,
an act was passed by the legislature of this state, incorporating
the defendants and *John J. Shipherd*, and their associates, by
the name of " The *Vergennes* marble manufacturing company ;"
—That on the 26th day of November, aforesaid, there appeared
in the *Vermont Aurora*, a newspaper printed at *Vergennes*, an
advertisement in the name of " The Vergennes marble manufac-
turing company," among other things, offering for sale certain
manufactured articles of marble ;—that the said *Scott & Ray-
mond*, as subscribers, took the said newspaper at the time. And it
was further shown, that on the second Tuesday of January, 1825,
the day appointed by the act of incorporation for the first meeting,
said corporation was organized by the choice of officers ;—That
said business of manufacturing marble continued to be carried on,
as it had been previously ; and it was not shown, that the plaintiffs
had any notice of the organization of said corporation, otherwise
than as above named, until about the 9th day of February, 1825,
when they were notified by *John J. Shipherd*, that the account
thereafter must be charged to " The Vergennes marble manufac-
turing company."

" And it further appeared, that during the time the said ac-
count in favor of the plaintiffs against the defendants accrued, the

Addison.
January,
1830.

Scott et al.
vs.
Shipherd et al.

said *John J. Shipherd* was the agent of the defendants for carrying on said business, and boarded the hands belonging to the establishment :—That at the commencement of the account, *John J. Shipherd* was authorized and directed by *Zebulon R. Shipherd*, one of the defendants, (and not by *Barnum*,) to purchase at the store of the plaintiffs, as well as other stores, such goods as might be wanted for carrying on the business of manufacturing marble, as well *as such goods as he might want for the use of his family.* The said *John J.* accordingly took up a considerable amount of goods for the use of his family, with the understanding and agreement between him and *Scott & Raymond*, that they were taken on the credit of, and to be paid by, the said *Shipherd & Barnum*, the defendants ; but the charges of such goods, as were for the use of the said *John J. Shipherd*, were made to him, for his convenience in keeping his accounts with the defendants, with the understanding that the amount was afterwards to be transferred to the account of *Shipherd & Barnum*,

On the 9th day of February, 1825, the balance of said account, charged *John J. Shipherd*, was $108,40, the sum allowed by the auditors : after this the account was still continued by *Scott & Raymond* against the said *John J.* so that the balance against him on the 4th day of January, 1826, when the account was charged to *Shipherd & Barnum*, was $167,17, the sum charged them by the plaintiffs. On the 4th day of January, 1826, the said account by the direction of the said *John J. Shipherd* and *Zebulon R. Shipherd* was transferred to the account of the defendants. On the trial, *John J. Shipherd* was offered as a witness on the part of the plaintiffs, and objected to by the defendants ; but admitted by the auditors. In addition to the accompanying certificate, it appeared by the testimony of *John J. Shipherd*, that although he had been before that time desirous of becoming a partner in the concern, he had made no request, nor expressed a desire to become so at that time ;—that he never advanced any expences, or complied with any terms for that purpose :—that the said certificate was made by the said *Zebulon R. & Amos W.* on the urgent request of the said *John J.* expressed to the said *Zebulon R.* to have a more definite understanding of his authority, and to have the sole agency in managing the concern, or to be discharged altogether from the agency. Said certificate was handed to and has been kept by the said *John J.* who continued in the said business, in connexion with the defendants, until the fall of 1825.

Amount of account for goods delivered defendants from
May 20, 1824, to January 29, 1825,               -          $218,60
Interest on the same to this time,          -          -          51,64

*John J. Shipherd's* act. allowed at          -          $108,40     270,24
Interest on the same to this time,          -                32,50——140,90  .

                                                                      411,14

o

ADDISON,
January,
1830.

Scott et al.
vs.
Shipherd et al.

And we allowed to the defendants the following claim,

|  |  |  |
|---|---|---|
| 21 barrels at 5s. | $17,50 | |
| Interest on the same to this time | 4,55 | 22,05 |

Leaving a balance due to plaintiffs of - $389,09"

The following is a copy of the certificate alluded to :

" We hereby engage that *John J. Shipherd* shall be equally
" concerned with us in the marble manufacturing establishment
" form the commencement, he paying one third of all the expen-
" ses : and we also appoint him our sole agent to manage the con-
" cern with such salary as is reasonable for his personal services.
" *Vergennes*, 16th Oct. 1824.          Z. R. Shipherd,
                                        A. W. Barnum."

The defendants' counsel filed exceptions to the report, but the
exceptions were overruled by the county court, and the report
accepted. The defendants excepted to the decision of the court,
and the case was thereupon reserved for the opinion of this Court.

*Mr. Hawley, for the defendants.*—It is conceded that if *J. J.
Shipherd* during the partnership, after being licenced by *Z. R.
Shipherd,* one of the partners, had taken goods of the plaintiffs on
the credit of the firm, the defendants would be liable. But, it is
contended, that such licence would not authorize *John J.* to take
up goods in his own name with a secret understanding with the
plaintiffs that the account should afterwards be transferred to the
account of the firm. Nor would it be binding on the firm without
notice of such course having been taken, and the assent of one or
both members of the firm during the partnership, that the firm not-
withstanding should be liable.

The credit being given to *John J.* by the charges on book, and
at his request for the time being, the plaintiffs could hold him
accountable for the goods if they saw fit, and particularly on a re-
fusal of the firm to pay, or have the account transferred.

The act of *Z. R. Shipherd,* after the dissolution of the firm,
directing the transfer to be made, without the knowledge or as-
sent of the defendant, *Barnum,* creates no liability on him. 3 *Esp.
C.* 108.—*Lansing* vs. *Gaine,* 2 *Johns. R.* 300.—*Sanford* vs.
*Mickle,* 4 *Johns.* 224.—*Mant* vs. *Mainwaring et al.* 8 *Taunt.* 139.

From the facts set forth in the report of the auditors, it does
not appear that the auditors decided whether *John J.* was a part-
ner or not : therefore, it is contended, that, from the evidence set
forth in the report, the said *John J.* as between the said *Zebulon
R.* and *Barnum* and himself, was a partner, and standing in that

relation, he ought not to have been admitted as a witness in the case to charge the other partners for the debt he had contracted, and for which he was equally liable with them, if the firm is regarded liable.—*Birt* vs. *Wood*, 1 *Esp. C.* 20.—*Young* vs. *Bairner*, 1 *Esp. C.* 103.—3 *Stark. Ev.* 1083.

ADDISON,
January,
1830.
————
Scott et al.
*vs.*
Shipherd et al.

*Mr. Tucker, for the plaintiffs.*—The plaintiffs contend, that it appears from the report itself, the goods delivered to *John J. Shipherd*, and which constitute a part of the plaintiffs' claim, were delivered to him on the credit of the defendants *alone*, as understood at the time of their delivery, between the plaintiffs and *Zebulon R. Shipherd*, then a partner of the firm of *Shipherd & Barnum*; and that the circumstance of their being charged on the plaintiffs' books to *John J. Shipherd*, was for *his* convenience, and at his request, and had no reference whatever, to any charge of credit from defendants to said *John J.*

The plaintiffs contend they had a perfect right in law to transfer so much of *John J. Shipherd's* account as accrued *solely* upon the credit of the defendants, (and which had been separately entered on plaintiffs' books merely to enable the said *John J.* to have his family expenses appear unconnected with the disbursements of defendants' marble factory,) to their account, without any directions from them, and *at any time,* whether during the existence or after the termination of the partnership; that by keeping the account in question in this particular manner, for the accommodation of *John J. Shipherd,* they have divested themselves of no right, to which in law they were entitled by the original agreement with defendants for the purchase of the goods; and that the transfer of the amount of *John J. Shipherd's* account to that of *Shipherd & Barnum,* on the 4th day of January 1826, was not the creation of any new legal liability, or charge upon defendants, but was simply a business of convenience, altering no existing credit and conferring no new right; that *Zebulon R. Shipherd,* one of the defendants, directed the transfer, which, it is admitted, would be altogether nugatory, *if the said defendants were not liable for the goods at the time of their delivery,* inasmuch as it is not contended that, after the dissolution of a partnership, any new partnership-liability could be created by the act of one partner alone.

The auditors' report does not show that *John J. Shipherd* was proven ever to have been a partner with these defendants, but the reverse. It is shown that an offer was made him to become

ADDISON,
January,
1830.

Scott et al.
vs.
Shipherd et al.

a partner upon the performance of certain conditions, which he entirely failed to perform. But if the said *John J.* had been a partner with the defendants, the statute which makes parties in book actions competent to testify in their own cases, was sufficient authority for his admission by the auditors. And when the law has conferred a right, by constituting a man a competent witness, the *effect* of his testimony upon his own interest furnishes in no case a ground for his rejection, but simply goes to his credibility.

WILLIAMS, J. pronounced the opinion of the Court.—The exceptions which have been taken to the report of the auditors assumed as a fact that the auditors have charged the defendants with a demand which was due from *John J. Shipherd* to the plaintiffs, and that this was done either on the testimony of said *John*, or in consequence of the directions of one of the partners after the dissolution of the partnership. If either of these facts appeared from the report, the objections to it would be fatal. A man cannot by his own oath transfer a debt due from himself to another. Nor can a partner, after the dissolution of the partnership, charge the firm with any debts which they did not owe before the dissolution. But it is expressly found that no credit was given to *John J. Shipherd* for any part of the account found due to the plaintiffs, and that the articles taken by him, and which were charged on the plaintiffs books to him were delivered to him solely on the credit of the defendants and by their authority. One of the defendants directed the said *John* to take such articles as he might want for the use of his family, while he was boarding the hands employed by the defendants. As this was for the benefit of the firm, and was undoubtedly considered as paying *John J.* for boarding their hands, it might well be considered by the plaintiffs as having relation to the business of the firm. One partner may bind another by a contract when the subject matter of the contract is consistent with the business of the partnership.

There is nothing in the manner in which this account was kept that will either legally or equitably discharge the defendants. The manner was directed, not by the plaintiffs alone, or for their benefit, but by the agent of the defendants, and for his and their benefit. It does not appear that the defendants were deceived or defrauded in consequence of these charges being made in this way. The manner in which the charges were made was evidence to be considered by the auditors, and tended to prove that the credit was given to *John J. Shipherd* alone, but it was not con-

clusive, and the auditors have expressly found that the credit was not given to him, but to the defendants. From this finding of the auditors it is apparent that *John J. Shipherd* never was liable to these plaintiffs for the articles charged to him by the plaintiffs, but that the defendants alone were accountable.

ADDISON,
January,
1830.

Scott et al.
*vs.*
Shipherd et al.

The direction given by *Zebulon R. Shipherd,* after the dissolution, would not have bound the other partner, if they were not originally liable, and was not otherwise relevant to the cause except as it was evidence of the original contract.

*John* J. *Shipherd* was properly admitted as a witness. If he was a partner he was in interest with the defendants, and it was not an objection to be made by them : and if he was only an agent, there could be no objection to him. We are inclined to the opinion that he was a partner : but it was not necessary to decide upon that point, as he was clearly an admissible witness. It does not appear what facts the auditors found from his testimony, or that any other objections were made except that he was a partner with the defendants. If he was originally accountable for the goods delivered to him, or for any part of the account found due from the defendants, or, in other words, if it was ever his debt, he could not, by his own oath, discharge himself and charge the company ; and this would be equally true whether he was a partner or whether he was not. But the auditors have found that he was never accountable for any part of this demand ; that the goods charged to him were delivered solely on the credit of the defendants, and that the charge to him was in the nature of a memorandum to distinguish that part of the account, for which he was individually liable to the defendants, from the other part. From the facts reported by the auditors, the plaintiffs were entitled to judgment.

The judgment of the county court is, therefore, affirmed.

*Tucker,* for plaintiffs.

*Hawley,* for defendants.