Essex,
March,
1833.

Binney & al.
vs.
Plumley.

---

RICHARD STEVENS vs. SAMUEL A. PEARSON.

Essex,
March,
1833.

Additional reports or statements from referees, made after the report is filed, unless made by the permission of the Court, are to be disregarded.

The Court will not set aside a report, where referees have mistaken the law, unless it appears that they intended to follow the law, and by mistaking it, have come to a wrong result.

Referees are sole judges of facts before them.

The *ad damnum* usually determines the jurisdiction of the Court.

It is no objection to the report of referees that they have proceeded to trial without the pleadings, when neither party requested to have the pleadings produced.

Whether sufficient notice to the parties was given by the referees, is a question to be determined by the Court to whom the report is returned; and their determination thereon is not to be re-examined by a superior Court.

This was an action for money had and received, brought by the plaintiff, before Justice Fairchild, to recover $100. There were no pleadings before the Justice.—Judgement was rendered without trial, for defendant. Whereupon, plaintiff appealed to the County Court.

At the first term in the County Court, the defendant plead the *General Issue* and the *Statute of Limitations*. At the second term, this action was referred to *John Dewey*.— On short notice to the defendant, and without a full hearing of the case before the referee, at the May Term, 1832, said Dewey made report in substance, That said Samuel A. Pearson is indebted to the said Rich Stevens in the sum of $40,25, in full of the claims No. 1, 2, 3 & 4, as per *schedule, herewith returned* to the Court, exhibited by said Stevens against the said Pearson.

Further report—" I was the referee in the case *Stevens* vs. *Pearson*, and I made a report at the present term of Essex County Court.—*The evidence* in the *case* was *far from being satisfactory*, to the *referee*, and *I am fully sensible* that *injustice may have been done*, to the *parties* by the *report*.—

Essex,
March,
1833.

Stevens
vs.
Pearson.

*From the evidence submitted to me, and the law as I construed it,* the report must be right. *Still* there was a *deficiency* of *evidence* to *satisfy* the *referee, that either* of the *parties were certainly entitled to recover. No writ or pleadings in this case were shown* to me, *on the hearing.*

JOHN DEWEY.

Guildhall, May 31st, 1832."

Further report—" In the case *Stevens* vs. *Pearson,* I believe that the sum found due in my report of May 30, 1832, was one half of the fifty dollar receipt, and the interest on that half. I do not recollect that the plaintiff offered any evidence (except the receipts) to shew that the money had not been applied as specified in the receipts, or any other evidence to shew a demand on the defendant to apply said moneys; neither did the defendant offer any evidence to shew that the $25, being one half of the said fifty dollar receipt, had ever been applied. JOHN DEWEY.

November 23d, 1832."

*Schedule of Claims,* Stevens vs. Pearson, *annexed by Referee :*

$50,00　rec't dated March 22d, 1822.

10,00　rec't September 16, 1823.

5,70　rec't August 24th, 1827.

43,65　rec't by hand of Grinnel in full of
　　　　*scire facias,* Feb. Term, 1830.

20,00　cash paid by Seth Cushman.

$129,35　　　　　JOHN DEWEY, *Referee.*

February 1, 1824.

The following *exceptions* to the report were filed at the May Term, 1832 :

The said Samuel A. Pearson excepts to the report of John Dewey, referee in said cause, appointed by the Court, to settle and adjust this cause, for the following reasons, viz :—

1st, Because said Dewey did not hear, try, and determine upon the issues tendered by the defendant.

2d, That the amount of the demands offered by the plaintiff, and received, heard, tried and adjusted by the said Dewey, exceeded the jurisdiction of the Court, to hear, try and determine said cause, having come into this Court by appeal from a Justice—the amount of said demands exceeding $100, viz : $129,35.

Essex,
March,
1833.

Stevens
vs.
Pearson.

3d, That said report is contrary to law and justice.—Wherefore, he prays said report may be set aside.

The Court accepted the report of the referee.—To which the defendant excepted; and the exceptions being allowed, the case was ordered to the Supreme Court.

*Counsel for defendant* contended—1st, Reports of referees may be allowed and accepted, unless cause shall be shown to the contrary—Vt. Stat. p. 81—which clearly implies that if justice is not done to both parties by the report, the Court ought and will recommit or set aside the report.

2d, It has been the ancient and constant practice and usage of Courts, when rules of reference are granted, to recommit matters referred, to the same referees, at a subsequent term, or to reject the report.—Mass. Rep. Vol. 6, p. 70.

3d, If either of the parties, in a rule of reference, without any fault on his part, have not had a reasonable opportunity to have been heard, it is the usual practice to recommit the report.—6 Mass. R. 70.

4th, The report ought to be set aside, because the referee, intending to follow *the law*, has gone against *law*.—3 Vt. R. *Johns* vs. *Stevens*, 315.

The questions of law appear sufficient upon the face of the report.—They necessarily arise out of it.—The Court must take notice of them.

The report is wrong upon the referee's own shewing.

*Counsel for plaintiff* contended, That a general report is good, unless fraud or corruption be shewn.—3 Vt. R. 314.—Same, 536.

A Justice has Jurisdiction, when the debt or other matter in demand does not exceed $100.—Comp. Stat. Vt. 536.

*Ad damnum* in writ governs.

The additional reports are not to be considered.—They were obtained without knowledge of plaintiff.

The opinion of the Court was delivered by

WILLIAMS, J.—The question now before us is, whether the County Court erred in accepting the report of the ref-

64

Essex,
March,
1833.

Stevens
vs.
Pearsons.

erees. The first report made by the referee appears to be a general one. There are two additional reports made by the same referee. If these were made by the permission or direction of the County Court, they are to be received as part of the original report. If they have been procured from the referee after the first report was returned into and filed in the County Court, without the order or permission of the Court, they ought to be wholly disregarded. We have not directed an examination of the records of the County Court to ascertain this fact, as we cannot discover any reason from the whole together, why the report should not have been accepted.

The Court ought not without very substantial reasons to set aside the report of a referee. Referees are usually selected by the parties, with a view to settle the disputes between them, and are rarely selected for the purpose of making an accurate legal determination of the matter in dispute. The rules upon which Courts have proceeded in considering the reports of referees have been frequently declared from the bench ; and it must be understood that these reports are always to be reexamined upon those rules alone, and that it will never be sufficient to present the whole facts to the Court and ask them upon a critical examination, to decide whether a different conclusion might not have been drawn from the testimony.

We cannot discover in this case, that the referee has attempted to follow the law and has mistaken it, or that he has on the principle on which he professed to act, come to a wrong conclusion.

The referee was unquestionably the judge of the weight of evidence. In speaking of the result to which he arrived, he expresses himself with a degree of modesty and difidence, which is certainly much to his credit. He says the evidence was far from being satisfactory, is sensible that injustice may have been done and that the evidence was not such as to put the case beyond all doubt, or to show that either party were certainly entitled to recover ; but still from the evidence as submitted and the law as he understood it, the report must be right.

From the second statement made by the auditors it appears, that the sum allowed the plaintiff was one half of a

Essex,
March,
1833.

Stevens
vs.
Pearsons.

certain receipt executed by the defendant; and the refe- ree does not recollect whether the plaintiff offered any ev- idence to show that it has not been applied as directed in the receipt, nor did the defendant show by any evidence, that it had been applied. The referee may have conclud- ed that as the defendant could very easily show the appli- cation of the money, according to the terms of the receipt, that the burden of proof was on the defendant, and if there was any evidence before him that the defendant; as attor- ney of M. & W. Harris, had collected the whole of that execution, the conclusion to which he arrived was the le- gitimate conclusion from the evidence. But be this as it may, the referee was the judge of the evidence, and the case is not so presented by the report, that we can learn that there was any error of law, or fact, in the decision upon the evidence.

The question which has been raised as to the jurisdic- tion of the Court is very easily answered. The *ad dam- num* determined the jurisdiction. The sum then demand- ed was all the plaintiff could recover and all that he claimed. In his evidence, he exhibited a variety of re- ceipts, and amounting in the whole to the sum of one hun- dred and twenty-nine dollars and thirty-five cents. From these he intended to establish his claim to the seven de- mands in the declaration. He did not claim the whole amount of those receipts as due from the defendant, nor if he did, would it have prevented the Court from rendering judgement for any amount within the *ad damnum*.

Either party could have had the pleadings before the re- feree if he chose; and need not have proceeded without. It was not made to the referee an objection to his proceed- ing without them; nor can it here be assigned for error in his report that he did proceed to trial without them.— Neither can it be assigned for error that the defendant had not reasonable notice of the time when the referee was to hear the cause. This should have been presented to the County Court as a reason why further time should be giv- en for the hearing, and the Court might at their discretion have ordered that the rule be enlarged for that purpose; or if the plaintiff had refused to consent to such enlargment, they would have set aside the report, but this was a ques-

tion to be submitted to the sound discretion of the County Court.

The judgement of the County Court is therefore affirmed. *Wells,* for plaintiff.

*Fletcher,* for defendant.