ORANGE,
March,
1841.

Woodworth
v.
Downer &
Washburn.

*A. Underwood,* for the plaintiff, contended that the report shows that the plaintiff rendered the services at the defendant's request, and that the law would therefore imply a promise on the part of the defendant to pay therefor. He further insisted that the plaintiff was the agent of the defendant when his power as an officer ceased; and that the plaintiff was under no obligation, as an officer, to go out of the county in pursuit of the man charged with passing the counterfeit bill, the latter being out of the county when the warrant issued. Having done so at the defendant's request, the plaintiff was entitled to recover.

---

, WILLIAM WOODWORTH *v.* SOLOMON DOWNER & JONAH WASHBURN.

After the dissolution of a co-partnership, one of the partners cannot bind the other partners, by stating an account, or executing a promissory note, even on account of a pre-existing partnership liability, unless some authority be given him beyond that implied from the relation merely.

ASSUMPSIT, in two counts.

The first count was as follows; viz.—

ORANGE,
March,
1841.

Woodworth
v.
Downer &
Washburn.

' For that the said defendants, at said Randolph, on the
' 16th day of January, 1839, having then and for a long
' time previously, been partners in trade, under the firm of
' Jonah Washburn & Company, and being then indebted to
' the plaintiff in the sum of two hundred and twenty-one
' dollars and forty-six cents, on settlement of various deal-
' ings between the plaintiff and defendants, did, by their
' note in writing of that date, subscribed in and with the
' name of the said firm, and delivered to the plaintiff, by Jo-
' nah Washburn, their agent thereunto duly authorized, for
' value received, promised the plaintiff to pay to him or his
' order the sum of two hundred and twenty-one dollars and
' forty-six cents on demand, with interest.'

The second count was on an account stated between the plaintiff and defendants, on the 16th of January, 1839.

Plea, non assumpsit, and issue to the country.

On the trial in the county court, it appeared that the defendants had been partners, as the plaintiff had set forth, but that their partnership had been dissolved several months previously to the 16th day of January, 1839, which was known to the plaintiff. ·

The plaintiff then offered the note, described in his declaration, which was objected to by the defendants, and rejected by the court, on the ground that one partner could not, after a dissolution of the partnership, execute a note which would be binding on the firm.

The plaintiff then offered testimony tending to prove that, after the dissolution of the partnership, to wit, on the 16th day of January, 1839, the plaintiff and the said Washburn did look over and settle the accounts and other demands then existing between the plaintiff and the firm of Jonah Washburn & Company, and found the aforesaid balance due to the plaintiff, for which the said Washburn gave the said note, which testimony was objected to by the defendants, on the ground that one partner, after the dissolution of the partnership, could not settle an account and find a balance which would be binding on the other partners; and the testimony was excluded by the court.

The jury returned a verdict for the defendants and the

Woodworth
*v.*
Downer &
Washburn.

plaintiff excepted to the decisions of the county court, excluding the note and testimony.

*W. Nutting* argued for plaintiff, and cited 1 Sw. Dig. 341. *Averill et al.* v. *Lyman et al.*, 18 Pick. 346. *Woodford & Wife* v. *Dorwin*, 3 Vt. R. 87. *Scott et al.* v. *Shippard et al.*, Id. 108–9. 6 Johns. 267. Ph. Ev. 72–3. 2 Stark. Ev. 45. 3 Id. 1073. *Wood et al.* v. *Braddick*, 1 Taunt. 104. 1 Sw. Dig. 761–2.

*E. Weston* and *L. B. Vilas*, for defendants.

The decision of the county court was correct. The doctrine that the power to create a new right against a partnership, does not exist in any partner after a dissolution of such partnership, is well sustained in the elementary treatises and fully sanctioned by judicial decisions. 3 Kent's Com. 26. *Bell* v. *Morrison*, 1 Peters' R. 351. 2 Dane's Dig. Chap. 52, Art. 6, Sec. 18. *Kilgour* v. *Finlyson*, 1 H. Bl. 155. 1 Sw. Dig. 350. Chitty on Con. 81. *Woodford et ux.* v. *Dorwin*, 3 Vt. R. 87. 3 Stark. Ev. 1077, and notes. Comyn on Con. 461. 2 Com. Law, 433.

There is no distinction, in the authorities, between the power to give a note and the power to state an account. All power to create a new right on the partnership, is taken from the partners by the dissolution. No question of fraud can arise in this case, as it appears that the plaintiff knew that the partnership was dissolved, at the time of stating the account and giving the note. It cannot, therefore, be maintained that the defendant, Washburn, bound the firm by giving the note.

The opinion of the court was delivered by

REDFIELD, J.—It is undoubtedly true, that even after a dissolution of a partnership, the acts and admissions of one of the partners, in regard to the partnership liabilities, are, to some extent, binding upon all the partners. Such admissions of one partner are, undoubtedly, evidence to go to the jury in a joint action against all the partners. It is upon this ground, that such admissions have been considered sufficient to take a case out of the operation of the statute of limitations. *Joslyn* v. *Smith, ante*, 353.

ᴸ But it has always been considered, that after the dissolution of the partnership, one of the partners had no implied authority to *impose* new obligations upon the firm, or to vary the form, or character of those already existing. ᵢ Hence it was held in the case of *Torrey* v. *Baxter*, *ante*, 452, where one of the partners assumed to give the partnership note for a pre-existing partnership debt, that the note was merely void, and the creditor might sue, and recover, upon his original demand. The same reason, precisely, will forbid that one of the partners should be allowed to state a partnership account, so as to bind the firm, unless some authority be given him for that purpose, as was done in the case of *Averill* v. *Lyman*, 18 Pick. 346. One of the partners has an implied authority to pay the partnership debts; but not to state accounts on their behalf, or to execute notes. Such is the well established rule in Westminster Hall, and in the American states.