Parkhurst *v.* Spalding.

---

## HEMAN PARKHURST *v.* ALLEN SPALDING.

Where a judgment has been rendered for a sum less than $100, but, with the interest due upon it, would exceed $100, the judgment creditor may waive his claim for interest and sustain an action before a justice of the peace for the amount of the judgment alone.

Where, in such case, the declaration before the justice of the peace described the judgment correctly, and concluded, generally, " to the damage of the plaintiff, as he says, one hundred dollars," and in the county court the plaintiff filed a new declaration, claiming to recover the *debt* only, and making no claim for *damages*, it was held that the action should not be dismissed for want of jurisdiction in the justice before whom it was originally commenced.

DEBT upon a judgment, for $71.63 damages and $3.05 costs of suit, recovered Nov. 23, 1835, and on which there was due, with the interest, at the time of the commencement of this action, a sum exceeding one hundred dollars. This action was commenced before a justice of the peace, and the declaration, after describing the judgment declared upon, and averring that it remained unsatisfied, concluded, generally, " To the damage of the plaintiff, as he says, one hundred dollars." The case was brought to the county court by appeal, and the plaintiff there filed a new declaration, which,

after describing the judgment, &c., as in the original declaration, concluded in these words,—" To recover which said debt, with just costs, he files this declaration."

In the county court the defendant filed a motion to dismiss the action, for want of original jurisdiction of the same in the magistrate before whom it was commenced. This motion was overruled by the court; and judgment was rendered for the plaintiff, for the amount of the debt described in his declaration, without interest. Exceptions by defendant.

*J. L. Buck* for defendant.

That a party *may* recover interest on a judgment is well settled; *Martin* v. *Kilbourne*, 11 Vt. 93; Sl. St. 216; Rev. St. 239, § 2; *Allen* v. *Adams*, 15 Vt. 16; and, if *recoverable*, it necessarily forms a part of the debt and should be added to the principal. If this be so, the county court erred in overruling the motion to dismiss,— because the sum due at the time of the commencement of the suit before the justice exceeded one hundred dollars.

*O. H. Smith* for plaintiff.

Interest is the accident of a claim, and not the substance thereof,— except in cases where the contract specially provides for the payment of interest,—and may be waived. *Phelps et al.* v. *Wood*, 9 Vt. 399. *Stone* v. *Winslow*, 7 Vt. 388. It is not the amount of injury sustained, but the amount in demand and actually sought to be recovered, which forms the test of apparent jurisdiction. The plaintiff is not, generally, bound to ask all, that he is, in justice, entitled to recover. He may demand less, and thereby confer jurisdiction upon a justice court. *Wightman* v. *Carlisle*, 14 Vt. 296. That the declaration in the justice writ concludes as it does determines nothing, as to the character of the claim sought to be recovered, or its amount; nor can it be determined therefrom whether the plaintiff seeks to recover interest, or not.

The opinion of the court was delivered by

BENNETT, J., This suit was originally brought before a justice of the peace, upon a judgment, which, adding thereto the interest, exceeded one hundred dollars in the whole. In the declaration before the justice the plaintiff did not declare technically for debt and

damages, but concluded his declaration in general terms, *to his damage one hundred dollars.* In his declaration in the county court he only goes for the debt, and claims no damage for its detention. The only question, raised in this case, is, as to the appellate jurisdiction of this court.

In *Stevens* v. *Pearson,* 5 Vt. 503, it was held, that, in a general action for monies had and received, the *ad damnum* determined the jurisdiction of the justice, and that the plaintiff's recovery must be limited to his *ad damnum,* even though he exhibited on trial claims exceeding one hundred dollars, and that, even if he claimed an allowance on his demands exceeding the jurisdiction of the justice, still the court might render judgment for any amount not exceeding the *ad damnum.*

In the case now before us, we think the *ad damnum* must govern the question of jurisdiction, whatever might be the result, in a case where the judgment itself, upon which the action was brought, exceeded one hundred dollars, but the *ad damnum* in the declaration concluded with a sum within the justice's jurisdiction. If the plaintiff chose to *waive* either the whole, or any part of his claim to interest on the judgment, he had that right. The interest on a judgment is given as damages, simply, for the detention of the debt, and is only incidental to it. No action could be maintained to recover the interest alone. When once the principal of the judgment was discharged, all claim for interest on it was gone.

This is not like the case, where the payment of interest is a part of the contract itself. Though the plaintiff might insist upon his debt, and damages for its detention, which, in the whole, might exceed one hundred dollars, yet the law is not compulsory upon him. It might as well be claimed, that the plaintiff should be compelled to charge interest on his book account, so as to defeat the jurisdiction of a justice, in a case in which he would otherwise possess it.

The judgment of the county court is affirmed.