## SILAS M. WAITE *v.* WINDHAM COUNTY MINING COMPANY.

### *Corporations.　Usury.*

The plaintiff was appointed treasurer of the defendant corporation by the directors thereof pursuant to a provision of the by-laws, all the directors but one being present at the meeting, and nothing appeared but that the absentee was notified of the meeting. The plaintiff entered upon and performed his duties as treasurer for two and one-half years, no question ever having been raised by the absent director, or any stockholder of the company, but that he had been legally appointed. *Held,* that the company cannot refuse payment for his services on the ground that he did not legally hold the office.

It is not necessary that there should be any formal meeting of the directors in order to enable them to do any act which was properly within their power to do.

In business corporations the power to fix the salary of treasurer, is held to be incident to the general power and duty of the office of directors, if not prohibited or otherwise restricted in the charter.

It was agreed between the directors and the plaintiff, that if he would accept the office of treasurer, provide and advance funds for the company to carry on their business, and do the business of the treasurer, he should be paid therefor three hundred dollars per year, and one per cent. a month for money advanced. *Held, that the contract for interest was usurious.*

GENERAL ASSUMPSIT. The case was referred to referees who found and reported the following facts : The defendants are a corporation chartered by the legislature of this state in 1856. The company was organized at Brattleboro on the 6th day of May, 1857, by the choice of directors, and S. M. Waite, the plaintiff, secretary. At a meeting of the directors held on the same day David Heaton, 2d, was chosen president and treasurer. A meeting of the stockholders was duly notified and held at Brattleboro, January 6th, 1858, at which meeting a new board of directors were chosen. This meeting adjourned to January 7th, 1858. At the adjourned meeting S. M. Waite was chosen treasurer, and at the annual meeting on the 5th day of January, 1859, he was again chosen secretary and treasurer, which office he held till the 18th day of June, 1860.

At the adjourned meeting of January 7th, 1858, none but the directors were present ; they were all present but one.

At the first meeting of the company, when the plaintiff.was chosen secretary, it was understood and agreed by the stockholders and directors, and the plaintiff, that he was to receive a salary of one hundred dollars per year, for performing the duties of the office.

At the adjourned meeting held January 7th, 1858, it was agreed between the plaintiff and those present at that meeting, that if the plaintiff would accept the office of treasurer, provide and advance funds for the company to carry on their business, and do the business of the treasurer, he should be paid therefor three hundred dollars per year, and one per cent. a month for money advanced, and he should not be required to advance at any one time exceeding five thousand dollars, and that his salary as secretary was also to be continued.

If the agreements above referred to are binding upon the parties, then the referees find there is due to the plaintiff, including interest to September 13th, 1864, the sum of $1056.37.

In arriving at this conclusion the referees allowed the plaintiff his

salary as secretary three years one month and twelve days, at one hundred dollars per year, making $311.63., and for services as treasurer from January 7th, 1858, to June 18th, 1860, two years five months and eleven days, at three hundred dollars per year, making $734.17., and the other items of the plaintiff's account as charged. They computed interest at one per cent. a month on money advanced by the plaintiff, and find it to be $359.58. If the plaintiff is entitled to recover the same under the aforesaid agreement, it should be added to the aforesaid sum of $1056.37., making the sum of $1415.95.

If the directors had no authority to fix the salary of the plaintiff, and the plaintiff is entitled to recover only a reasonable compensation for his services actually rendered, then his services as secretary and treasurer were reasonably worth $522.90, and the plaintiff is entitled to recover, including interest, the sum of $373.27. The ability of the defendants to refund the money advanced by the plaintiff, depended mainly upon the success of the company and the value of a soap stone quarry, which was then being experimented upon.

Taking into consideration the risk and inconvenience of furnishing the funds advanced, the plaintiff's services were reasonably worth the sum the directors proposed to pay him, and which the plaintiff expected to receive.

A case between the same parties and pertaining, substantially, to the same subject matter, was heard at the February Term, 1863, and is reported in the 36th Vt., page 18,—to which reference is had for additional statement of facts.

At the September Term, 1864, BARRETT, J., presiding, the court rendered judgment *pro forma* on this report, for the sum of $1415.-95, being the largest sum found for the plaintiff by the referees,—to which the defendants excepted.

*Washburn & Marsh* and *D. Kellogg,* for the defendants.

*H. E. Stoughton,* for the plaintiff.

POLAND, Ch. J. The plaintiff was appointed treasurer of the company by the directors of the same. All the directors were present at the time except one, and without reckoning the plaintiff, a majority of the board were present and made the appointment. It is not found that the director who was not present was not notified, so that he might have been present if necessary. But we are not

prepared to say that the action of a majority was not legal though one member was not notified. Nor do we deem it necessary there should be any formal meeting of the directors in order to enable them to do any act which was properly within their power to do. The by-laws of the company expressly provide that the treasurer shall be appointed by the directors. The plaintiff entered upon the perform-ance of his duties as treasurer, and no question seems ever to have been raised by the absent director, or any stockholder of the com-pany, but that he had been legally appointed. From this, the assent of the absent director, and of the company, may well be assumed, if that were necessary, and after acquiescing without objection, and al-lowing him to perform the services and duties of the office, they can-not be permitted to refuse payment for services, on the ground that he did not legally hold the office.

The defendants claim that the directors could not legally contract with the plaintiff as to the amount of his compensation as treasurer. As before said the directors have the power of appointment, and in the absence of any prohibition in the charter or by-laws, on the directors, and of any other person to whom, or mode in which, the salary or compensation of the treasurer is to be determined, we think the power to fix his compensation, or agree with him upon it, belongs to the directors as an incident of the power of appointment, as oth-erwise they might be wholly unable to fill the office. They might not be able to find any person to accept it, unless he could have his compensation fixed. But we think further, that in the case of a business corporation like this, such a power is incident to the general power and duty of the office, position and duties of directors. They have the general care and oversight of the interests and affairs of their constituent corporation, and may as well agree with the treas-urer on the price of his services, as for those of laborers or any other employee of the company.

There is nothing in the report that would justify the conclusion that the price agreed on for the plaintiff's salary as treasurer of the company was intended as a cover for usury, and nothing from which we can say that the contract was not fairly and honestly entered into both by the plaintiff and the directors with whom the contract was made. Nor is there any claim made but that the plaintiff performed

all the duties of treasurer with fidelity, and to the full satisfaction of the company and its officers.

The plaintiff was therefore entitled to his compensation as treasurer, according to the contract price.

No question is made but that the plaintiff was duly appointed the secretary of the company, and that the compensation agreed upon for that office, is binding on the company.

The agreement for the payment of the one per cent. a month upon the moneys advanced by the plaintiff for the company, we consider a direct contract for the payment of a greater rate of interest than is allowed by law, and therefore not binding. It was a direct loan of money by the plaintiff to the company to be repaid at all events. If the contract had been that the plaintiff was to be paid a certain per cent. for endorsing the paper of the company to enable them to raise money to use, such a contract might be good, as a compensation for the risk and responsibility incurred. But this was a direct loan of the plaintiff's own money, and though he might incur risk of losing it by the failure or inability of the company to pay, he could not take an additional rate of interest for such risk. The law will not enable a lender of money to graduate his rate of interest on a loan, according to the risk he runs of the solvency of his debtor. If there had been some contingency upon which the money was advanced, by which the plaintiff might have lost any claim to have his money back, such a contract would have been valid. But this was a direct loan, to be repaid absolutely, and any contract for more than lawful interest upon it was usurious. This claim should have been disallowed.

The judgment is reversed, and judgment rendered for the plaintiff for the sum of $1056.37. and interest since September 13th, 1864. The plaintiff to recover no costs in this court, and the defendants' costs in this court to be deducted.