## MAJOR W. POTTER ET AL *v.* LEANDER D. THOMPSON.

*Rule of reference. Amendment to report to give jurisdiction. Presumption in favor of report.*

1. Where a rule of reference issued under R. L. ss. 990–992 is returned to the County Court with a finding for the defendant in a sum less than $40, and with nothing to show that the matters submitted exceeded that sum, the County Court is not necessarily deprived of its jurisdiction, but may re-commit the report for a further finding that the matters submitted did exceed that sum.

2. Upon the re-commitment of a report for such further findings no notice to the parties of further hearing is necessary, for no further hearing is contemplated.

3. The docket entry showed that the report was re-committed for further hearing. *Held,* that so long as the report was accepted and judgment entered upon it, it must be presumed that the amendment answered the purpose of the re-commitment, and that if counsel were led by the form of the entry to expect a notice of further hearing, the relief would be in the County Court.

4. The parties cannot enlarge the scope of a rule of reference like the above by an agreement among themselves at the time of the hearing.

5. The referees attached to their report the accounts of the parties for the purpose of showing that the matters submitted exceeded $40. The

account of the defendant was against but one of the plaintiffs, whereas the finding of the report was against the plaintiffs jointly. *Held,* that this state of things would not vitiate their report, for it would be presumed that there was evidence before them tending to show a joint liability.

Report of referees appointed under R. L. ss. 990–992. Heard at the December term, 1890, Taft, J., presiding. Judgment for the defendant upon the report. The plaintiffs except.

The rule of reference was issued by a justice of the peace pursuant to due application and was as follows :

"Whereas, Major W. Potter, Jane C. Potter, his wife, and Milton Potter of Williamstown, Berkshire County, Massachusetts, of the one part, and Leander D. Thompson of Pownal aforesaid of the other part, have mutually agreed in writing, said agreement having been placed on file in my office, to submit by rule of court agreeably to the statute in that case made and provided all controversies, disputes and demands of every name or nature to the determination of you, the said Daniel Francis Bates, Daniel A. Dean and Marcus A. Dunn, and that you the said Daniel Francis Bates be chairman, that you appoint the time and place of meeting and notify the parties, but if the parties do not appear on due notice that you the said Daniel Francis Bates, Daniel A. Dean, and Marcus A. Dunn proceed *ex parte* and that the decision of a majority of you shall be final. And whereas the said Major W. Potter and Jane C. Potter, his wife, and Milton Potter have made application in writing under their hands of this date to me A. G. Parker, one of the justices of the peace for the county of Bennington, that I make the same a rule of my court.

I do therefore hereby authorize and empower you the said Daniel Francis Bates, Daniel A. Dean and Marcus A. Dunn to proceed as referees between the said parties agreeably to the rule aforesaid and to cause the report made by you in writing under the hands of those of you who shall agree, if returnable before a justice, to be returned to me at my office in Pownal in the county of Bennington aforesaid on the 8th day of April, A. D. 1890, at 10 o'clock in the forenoon to which time and place this court will stand adjourned, for the purpose of receiving said report and rendering judgment thereon, according to law or if returnable before the County Court those of you who shall agree shall cause the report by you made in writing under your hands to be

returned to the County Court next to be holden at Manchester within and for the county of Bennington on the first Tuesday of June, A. D. 1890. Given under my hand at Pownal this 28th day of February, A. D. 1890."

The referees reported that upon the hearing the following agreement was made :

"It was agreed upon by counsel for plaintiffs and defendants that all the claims, demands and causes of and for actions of the plaintiffs against the defendant should be treated as a whole and entire matter and not as if in separate suits and matters and that the referees should so consider said matters."

The remaining facts appear in the opinion.

*Sheldon & Cushman,* for the plaintiffs.

The parties could not at the hearing vary the terms of the rule of submission. *Lazelle* v. *Houghton,* 32 Vt. 579.

*Thomas H. Hall,* for the defendant.

The opinion of the court was delivered by

MUNSON, J. The rule in this case was issued under the provisions of R. L. 990-992, in pursuance of an agreement between Major W. Potter, Jane C. Potter and Milton Potter, of the one part, and Leander D. Thompson, of the other part, for the reference of all matters in dispute between the parties. At the time of the hearing it was agreed that the claims of the parties of the first part, the plaintiffs, against the party of the second part, the defendant, should be treated as one entire matter. The referees found for the defendant to recover of the plaintiffs, in full of all matters in dispute between the plaintiffs and the defendant, a balance of less than forty dollars, and made return of this finding to the County Court, but with nothing to show that the matters submitted to them exceeded forty dollars. Upon a recommitment of the report the referees stated that the matters submitted exceeded the sum named, and attached to their report copies of the accounts presented by both parties. The report thus amended was returned to the term in which it was originally

filed, and the case was thereupon continued to the next term, when final judgment was rendered.

We see no irregularity in the re-commitment or subsequent proceedings of which the plaintiffs can take advantage. The fact that the report as originally returned failed to contain the finding upon which the jurisdiction of the County Court depended, did not deprive that court of all power over it. It was competent for the court to permit the defendant to procure an amendment showing that it had jurisdiction, before taking final action upon the report. See *Whitcomb* v. *Davenport's Est.*, 63 Vt. 656. It is true that according to the docket entry the report was re-committed for further hearing, and that the amendment fails to show that any notice of further hearing was given, or that further hearing was had. But the amendment was one that could be made without further hearing, for it contains only a statement of what had been done at the hearing regularly had ; and this action of the referees must be presumed to have satisfied the purpose of the re-commitment, notwithstanding the form of the docket entry, for the County Court accepted the report as thus amended, and rendered judgment upon it. If the plaintiffs' attorneys were led by the form of the docket entry to expect a notice of further hearing before a return of the report, and so failed to notice the re-filing and seasonably except to the report, this will not entitle them to any relief here. It can hardly be supposed, however, that the plaintiffs' failure to file exceptions to the report resulted solely from a misapprehension of this character, for if the plaintiffs' attorneys had asked leave to file exceptions at any time before judgment, it would clearly have been within the discretion of the court to permit it, notwithstanding the rule. See *Prior* v. *Wilbur*, 63 Vt. 407.

But the plaintiffs insist that in returning the accounts presented by the parties the referees have shown that their entire action was concerning matters not covered by the submission. It would appear from the accounts themselves that the matters pre-

sented against the defendant were the several claims of the plaintiffs, and that the matters presented by the defendant were charges against one of the plaintiffs alone. It is certain that the agreement between the parties, which the referees have embodied in their report, cannot affect the proceedings. *Lazell* v. *Houghton*, 32 Vt. 579. But the plaintiffs cannot claim to have been injured by this attempt to give additional scope to the reference, for the agreement did not purport to enlarge the right of the defendant, and in so far as the individual claims of the plaintiffs may have been allowed under its provisions, the balance found in favor of the defendant was reduced. But if the account presented by the defendant was not within the scope of the rule, no judgment can be rendered on the report.

The referees found for the defendant to recover of the plaintiffs the balance reported in full of all disputes between the plaintiffs and the defendant, but made no report of the facts upon which their finding was based. It is evident that they attached the accounts to their supplemental report only to show that the matters presented for their consideration exceeded the jurisdictional limit, and not as presenting in full the grounds of their decision. We think the mere return of an account in this form, under these circumstances, should not be held to control the general finding of the referees. It was not impossible for the referees to properly hold all the plaintiffs liable upon the account presented. The form of a charge is not conclusive as to the person to whom the credit is given. *Scott* v. *Shipherd*, 3 Vt. 104 ; *Goodrich* v. *Drew*, 10 Vt. 137. As the record stands, this court must presume that the referees had evidence before them which in their judgment established a joint liability, and cannot presume that their conclusion was the result of any misapprehension as to the legal effect of that evidence. It is well settled that the proceedings of referees will be presumed to be correct until the contrary is made to appear. *Stevens* v. *Pear-*

son 5 Vt. 503; *Learned* v. *Bellows*, 8 Vt. 79; *White* v. *White*, 21 Vt. 250; *Martin* v. *Wells*, 43 Vt. 428; *Thompson* v. *Warner*, 62 Vt. 186.

*Judgment affirmed.*