### Jos. R. YOUSLING, Appellant, v. ANSON P. DARE.

Libel: PUBLICATION. A civil action for libel will not lie where the only publication of the libelous matter consisted in communicating the same direct to the person defamed, although the same constitutes sufficient publication for the purposes of the criminal law.

*Appeal from Ida District Court.*—HON. S. M. ELWOOD, Judge.

TUESDAY, FEBRUARY 2, 1904.

ACTION to recover damages for libel. Demurrer to plaintiff's petition was sustained, and, on failure of plaintiff to amend, judgment was rendered for defendant, from which plaintiff appeals.—*Affirmed.*

*Charles S. Macomber* for appellant.

*Will E. Johnston* for appellee.

McCLAIN, J.—The plaintiff sets out language of a defamatory nature contained in two letters sent to plaintiff by defendant, and the question which we need consider in the case is whether a written communication of libelous matter contained in a letter can be the subject of an action for damages sustained by the person to whom the letter was sent, there being no other publication. On this question there seems to be no conflict in authorities. The cases, so far as our attention has been called to them, uniformly hold that, in a civil action for libel, the sending of a communication containing defamatory language directly to the person defamed, without any proof that through the agency or in pursuance of the intention of the sender it has come to the knowledge of any one else, does not show such publication as to render the sender liable in damages. *Wilcox v. Moon,* 64 Vt. 430 (24 Atl. Rep. 244, 15 L. R. A. 760, 33 Am. St. Rep. 936); *Spaits v. Poundstone,* 87 Ind. 522 (44 Am. Rep. 773); *Fonville v. McNease,* Dud. 303, (31 Am. Dec. 556); Odgers, Libel & Slander, 150.

Counsel for appellant contends, however, that by Code, section 5090, the communication of libelous matter to the party libeled constitutes a publication thereof for the purposes of the criminal law, and as it is, therefore, a criminal act to send such a communication to another, there is a right to recover damages therefor on the part of the person injured. It is true that we have held that the definition of libel found in Code, section 5086, defining a criminal libel, is applicable

in a civil action to recover damages, so that a communication such as is criminally libelous may be made the basis of an action for civil damages without proof of special damage. *Call v. Larabee,* 60 Iowa, 212; *Halley v. Gregg,* 74 Iowa, 563. But we have never held a publication which is sufficient to charge one with criminal liability to be necessarily sufficient to show damage as a basis for civil liability. The difference between the criminal law and the law of torts in this respect is manifest. The act of publishing a libel may be criminal, for the reason that it provokes the person libeled to wrath, and tends to create a breach of the peace. 1. Bishop, New Criminal Law, section 591 (4); 2 McClain, Criminal Law, section 1055. But in a civil action it is essential that some damage to the person libeled shall appear, either directly or by legal inference, and no such inference can be drawn from the communication of the libelous matter to the very person concerning whom the language was used. Such a distinction is illustrated by the statutory provision as to the publication of libelous matter respecting one who is deceased. Such a publication may constitute a crime (Code, section 5086), but cannot form the basis of an action for civil damages in behalf of any person. *Brandt v. New Nonpareil Co.,* 108 Iowa, 449. The statutory provision that publication to the person libeled is sufficient in criminal cases was, no doubt, adopted for the purpose of settling a question which, under common-law authorities was perhaps in doubt. *Warnock v. Mitchell,* (C. C.) 43 Fed. Rep. 428.

The judgment of the lower court is therefore AFFIRMED.