W. W. REIRDEN v. STEPHENSON, WRIGHT & VALLEY.

November Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Partnership—Authority of Partner to Bind Firm—Diversity of Opinion Among Partners--Power of Majority.*

A partner may bind the firm when acting therefor within the scope of the partnership business.

Where there is a diversity of opinion among partners regarding the internal affairs of the partnership, the firm acts by a majority, and such a majority, when acting in good faith and within the scope of the partnership business, binds the firm.

Where a partnership engaged in the manufacture of butter tubs had sold its plant and most of its personal property, but still had some personal property and bills receivable, and, so far as appeared, had not gone out of business, a majority of its members had implied authority in its behalf to employ a person to examine the books and affairs of the partnership and to ascertain its financial standing, and they could fix his compensation either before or after he did the work.

In an action against a partnership for labor done by a person employed by a majority of the firm to examine its books and affairs and to ascertain its financial standing, though it appeared that the partnership had sold its plant and most of its property, it could not be assumed, in ·order to hold a judgment for plaintiff erroneous on the ground that such majority had no authority to bind the firm,

that the firm had gone out of business, or that it was not to continue, in the absence of a finding to that effect.

GENERAL ASSUMPSIT on an account stated. Plea, the general issue. Trial by Court at the March Term, 1913, Orleans County, *Stanton,* J., presiding. Judgment for the plaintiff. The defendants excepted. The opinion states the case.

*Fred S. Wright* for the defendants.

*W. W. Reirden* for the plaintiff.

POWERS, C. J.   The action is general assumpsit on an account stated. The defendants were partners in the manufacture of butter packages. Stephenson had but little to do with the affairs of the firm; Valley worked for the firm as a laborer, and knew but little regarding its business affairs; Wright kept the books and seems to have been the business man of the concern. About March 1, 1910, the firm sold its plant and most of its personal property. Some personal property and some debts due the firm remained as assets of the partnership. In May of the same year, Stephenson and Valley, acting for the partnership, employed the plaintiff to examine the books and affairs of the partnership and ascertain its financial standing. Both represented to the plaintiff that they were acting for the partnership, and the plaintiff understood that his engagement was for and in behalf of the firm. The court below did not find that Wright specifically agreed to the plaintiff's employment, but did find that he knew that the work was being done by the plaintiff and gave some assistance therein.

After the work was completed, Stephenson and Valley agreed with the plaintiff that there was due him from the partnership for this service the sum of $200. Valley died and Stephenson went into bankruptcy before this suit was brought. Judgment below was for the plaintiff and Wright excepted.

A partner may, by force of the relation, bind his firm when acting therefor within the scope of the partnership business. It was said by this Court in *Scott* v. *Shipperd,* 3 Vt. 104, that a partner could bind his firm by a contract when the subject matter thereof is consistent with the business of the partnership. In case of a diversity of opinion regarding their internal affairs,

partnerships act by a majority, and such a majority, when acting in good faith and within the scope of the partnership business, binds the firm.

The case in hand comes within these rules. The business for which the plaintiff was engaged was within the scope of the firm's business. To be sure, it was not a part of the actual processes of manufacturing butter tubs, or selling personal property, or collecting outstanding bills. But it none the less pertained to the affairs of the partnership, and the contrary not appearing, we must assume that it was warranted by the exigencies of the business and beneficial thereto. It was much like the employment of extra help to take an inventory of a mercantile business. In the case of a going concern, there could not be much doubt of the character of this service. But Wright contends that this firm had gone out of business, to all intents and purposes. In this claim, he is outside the findings. For aught that appears, the firm was to continue, and the investigation contracted for required to determine the scope of its future business. We can make no assumptions to find error.

Inasmuch as Stephenson and Valley had implied authority to make the contract on behalf of the firm, we need not consider the effect of Wright's knowledge of and participation in the work.

And since they had authority to employ the plaintiff, they had authority to fix his compensation. *Waite* v. *Windham County Mining Co.*, 37 Vt. 608. This they could do in advance of the work, or after it was completed. *Woodworth* v. *Downer*, 13 Vt. 522, 37 Am. Dec. 611, is not to the contrary, for there the partnership had been dissolved before the act in question, while here the partnership continued in force.

*Judgment affirmed.*