KENNEDY VS. HOLBORN.

Where under § 27, ch. 125, R. S., the defendant in an action for slander, alleges both the truth of the matter charged as defamatory, and mitigating circumstances to reduce the damages, if the evidence given in support of the justification fails to establish it, he is, notwithstanding, entitled to the benefit of any mitigating circumstances that have been or may be proved, as, that at the time of uttering the slanderous words he really believed them to be true, and had good reason for such belief.

The former rule of law, that evidence which tended to support a plea of the truth of the words spoken, in justification, but which failed to establish it, could not be considered by the jury in mitigation of damages, and that the pleading of such a defense when not fully sustained by the proof, was evidence of malice and an aggravation of the wrong conplained of, is abrogated by this statute.

APPEAL from the Circuit Court for *Racine* County.

Action for slander, in charging the plaintiff with having stolen two bottles of wine. The facts are sufficiently stated in the opinion of the court.

*Strong & Fuller*, for appellant, cited R. S. chap. 125, § .26; *Graham vs. Stone*, 6 How. Pr., 15; *Brown vs. Orvis*, id., 376; *Bush vs. Prosser*, 1 Kern., 347; 13 Barb., 22; *Bisbey vs. Shaw*, 2 Kern., 67; 15 Barb., 578.

*Geo. B. Judd*, for respondent.

1. All the evidence given on the part of the defendant was given with a view to justify the charge. The statute, §§ 26 and 27, ch. 125, does not change the law from what it was prior to its passage, in reference to what is, and what is not proper evidence to be given and taken into consideration by the jury, in mitigation of damages in an action for slander. Evidence in mitigation of damages, must be such as admits the charge to be false. *Cooper vs. Barber*, 24 Wend., 105 : 14 Johns., 233. 2. Nor is it competent to give in mitigation of damages, evidence of facts and circumstances which induced the defend-to suppose the charge true at the time it was made, if such facts and circumstances tend to prove the charge, or form a link in the chain of evidence, to establish a justification. *People vs. Horton*, 13 Wend., 9, 24; 8 Wend., 573; 24 Wend., 105; 5 Cow., 499; 3 Wend., 395.

*By the Court*, COLE, J.   Our statute provides, that in actions for libel or slander, the defendant may in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances. R. S., sec. 27, chap. 125. This provision was undoubtedly enacted for the purpose of changing the rule which prevailed in New York, before the adoption of the code, and in some of the other states, which held that no evidence in mitigation of damages could be given where a justification had been pleaded.   The reason given for this rule was, that the justification on the record was a delibate reiteration by the defendant, of the defamatory matter, and was deemed conclusive evidence of malice.   Proof, tending to establish the slanderous words, was admissable, under the plea of justification, because in direct support of that defense; but if it fell short of a complete justification, it could not be received in mitigation of damages.   The putting in the plea of justification, it was said, was but an aggravation of the wrong, when not sustained, and was an admission of malice; and therefore the defendant was precluded from giving evidence in mitigation, that the words complained of were spoken in an honest belief that they were true, without any actual malice.   It was to' obviate the hardship and injustice which frequently arose from those technical rules of practice, that the provision already cited was adopted.   This is very manifest, as well from the plain intent of the section itself, as from the most clear, able and discriminating discussions which a like provision has received from the court of appeals in New York, in the case of *Bush vs. Prosser*, 1 Kernan, 347, and *Bisbey vs. Shaw*, 2 id., 67.   Indeed, it would be impossible to add any thing to what is there said, to show the precise mischief intended to be corrected by this legislation.   It was to enable the defendant to show, if he could, the truth of the words complained of in justification and defense of the action, and

if he should fail in proving the justification, then that he might give in evidence the mitigating circumstances tending to rebut the presumption of malice. The wisdom of this enactment cannot better be illustrated than by applying it to the circumstances of this case. The defendant was sued for charging the plaintiff with stealing two bottles of wine. He first justified, by alleging in his answer that the plaintiff did steal and carry away from his dwelling house two bottles of wine. And for a second defense, he stated that the plaintiff had been in his employ doing house-work; that on a certain day, a silver fruit knife, belonging to him, was missing and could not be found; that two other females in his employ, and his daughter, without any suggestion from him, went to the plaintiff's trunk, and found there a bottle nearly full of wine, similar in all respects to bottles of wine which he had at the time in his cellar, put up in a peculiar manner; that on the following day they saw the plaintiff drink the wine in the bottle and break the same, and throw the pieces into the garden; that on this day the plaintiff manifested every appearance of being excited by spirituous liquors; that upon another day, naming it, he examined his case of wine, and found two bottles missing therefrom; and that, as he was informed and believes, one of the same females before-mentioned, with his wife and daughter, again went to the plaintiff's trunk, and found a bottle similar in all respects to his wine bottles; that there was whisky in it, and the cork had been pushed in; that he broke off the neck of the bottle to get the cork, which he found was stamped in the same manner as those in his wine bottles; and that he believes there were none other in the city put up in a like manner; that therefore he really believed the plaintiff had stolen his two bottles of wine.

Evidence was offered on the trial, tending strongly to establish the entire accuracy of this part of the answer, and to show that the defendant had ample grounds for believing that the plaintiff had stolen his wine. But the court charged the

jury, that although they might be satisfied from the evidence; that the defendant, at the time he uttered the slanderous words, really believed them to be true, and had good reason for so believing, yet he was not entitled to any mitigation of damages on that account as the pleadings stood, if the justification had not been established. This, it will be seen, was adhering to the old rule, that the evidence in mitigation of damages must be disregarded, although it clearly showed that the slanderous words were spoken in a mistaken belief that they were true, without actual malice, with abundant reasons for such belief, because he had interposed a plea of justification, and failed to sustain it by satisfactory proof. The jury might well have found from the evidence, that the defendant honestly believed, and had good reasons to believe, that the plaintiff had stolen his wine, and therefore would not have rendered so large a verdict as when the malice was admitted. For the error in giving this instruction, the judgment of the circuit court is reversed, and a new trial ordered.