EVISTON vs. CRAMER and others.

*January 13 — February 7, 1882.*

LIBEL: PLEADING: VERDICT: COSTS ON APPEAL. *(1) Pleading in mitigation of damages, after justification. (2) Special verdict as to malice, construed. (3) Costs on reversal, notwithstanding respondent's offer of new trial, etc.*

1. Under our statute relating to actions for libel, where the publication is *prima facie* libelous, facts and circumstances tending to overcome or lessen the presumption of malice, if properly pleaded in mitigation of damages, may be proved; and this though the truth of the publication has also been alleged in *justification.*

2. A special verdict to the effect that the publication complained of was false, but defendant did not publish it "with intent to injure plaintiff's feelings and degrade him in the estimation of the public," does not negative all malice, and therefore does not cure the error of the court in excluding evidence in mitigation of damages.

3. The reversal must be with costs against the respondent, notwithstanding his offer of a new trial in the court below, or of a reversal here without costs, as the appellants were entitled to a review by this court of the instructions.

APPEAL from the Circuit Court for *Milwaukee* County. Action for libel. Upon a former appeal in the cause, it was held on demurrer that the publication in question was *prima facie* libelous. 47 Wis., 669. Subsequently the defendants answered, admitting the publication, and, besides denying malice and intent to injure the plaintiff, alleged, in effect, the truth of the facts stated in the article in justification of the publication, and also set up the same facts and circumstances

in mitigation of damages, and claimed that, under the facts and circumstances so set forth in the answer, the publication was privileged.

The instructions given to the jury, so far as important here, are stated in the opinion. Five questions were submitted for a special verdict; and by their answers to these the jury found that the article complained of was published as alleged in the complaint; that defendants were, at the time of such publication, the proprietors and publishers of the newspaper in which it appeared; that said article was false; that it was *not* "published with the intent to injure the plaintiff's feelings and degrade him in the estimation of the public; and that plaintiff had suffered damage by reason of the publication of said article," in the sum of $100.

From a judgment entered for plaintiff pursuant to the verdict, defendants appealed.

*J. J. Orton,* for the appellants.

For the respondent there was a brief by *Cottrill, Cary & Hanson,* and oral argument by *Mr. Cottrill* and *Mr. Hanson.* They contended, *inter alia,* that the evidence whose rejection is complained of, would, if admitted, have gone only to the reduction of *punitory* damages. The court, however, instructed the jury that they might give compensatory damages, "and if they found it was done [i. e., the publication was made] willfully and maliciously, then they might give punitory damages, if they found the facts [alleged in the article] had not been proven." The jury found that the article was not published with a bad intent; and it must be presumed that they followed the direction of the court, and did not include punitory damages in the amount awarded by them as damages. *Klewin v. Bauman,* 53 Wis., 244.

CASSODAY, J. The statute gives to the defendant, in an action for libel or slander, the right to allege in his answer both the truth of the matter charged as defamatory, and any miti-

gating circumstances, to reduce the amount of damages. Sections 2677–8, R. S. The statute goes still further, and gives such defendant the right, whether he prove the justification or not, to give in evidence the mitigating circumstances. Section 2678, R. S. These sections of the statute were in force at the time of the publication in question. Sections 26, 27, ch. 12.5, R. S. 1858. Notwithstanding these express statutory rights of the defendants, the trial judge, after commenting upon other provisions of the statute, charged the jury as follows: "There is another rule that is well settled in the courts, and that is, that when a party pleads in justification the truth of the alleged facts set forth in the libel, *then he is bound by that line of defense.* He cannot set up both the justification and the truth of the facts charged, and at the same time plead other facts in mitigation of damages. *He must either take one horn or the other of the dilemma.* If a libel has been published, and it has been done through mistake, inadvertence, or a thousand other things that may arise as a partial excuse, then these facts must be set up. *They must admit the libel* and plead these other matters in excuse by way of mitigation, *or they may take the other horn of the dilemma,* and plead that the facts charged *are true,* and that they will be proven upon the trial. Now, that is the *status* of an action of this character. In this case the defendants have seen proper to rest their defense on the plea that the facts charged, whether libelous or not, are true, and that is the reason why this court has held the defendants to the strict proof under the law."

These portions of the charge were so obviously in direct violation of the rights secured to the defendants under the pleadings by the statutes above referred to, as not to require comment or the citation of authority. But see *Kennedy v. Holborn,* 16 Wis., 457; *Wilson v. Noonan,* 35 Wis., 346–8; *Kimball v. Fernandez,* 41 Wis., 329; *Bush v. Prosser,* 11 N. Y., 347; *Bisbey v. Shaw,* 12 N. Y., 67. The trial judge may have inadvertently overlooked the fact that the facts and

circumstances were pleaded in mitigation as well as in justification. However this may be, so palpable was the error contained in these portions of the charge that counsel for the plaintiff do not attempt to justify it, but insist that it should not work a reversal because no exception was taken to it. It is true, no exceptions to the charge appear in the printed case, but, as stated by counsel for the defendants upon the argument, we find forty-nine specific exceptions to the charge filed in the record, and they clearly cover the portions of the charge in question. For these manifest misdirections the judgment must be reversed, if there is any evidence in the record or offered upon the trial making them material, unless the error was cured by the verdict.

The article published does not purport so much to be a statement of facts within the knowledge of the writer, as what had been "charged," "alleged," "claimed" and "said" by others in regard to the manner in which the plaintiff had performed the duties of the office of sealer of weights and measures. The substance of many of the very numerous exceptions taken on the trial is, that the court excluded evidence tending to show that just prior to the publication inquiries were made in behalf of the defendants, of certain persons named in the answer, in respect to the truthfulness of certain rumors in regard to the plaintiff's conduct while holding that office, and, believing the information received to be correct, the article in question, embodying the same, was written and in good faith published in the paper of the defendants for the information of the citizens of Milwaukee interested in the manner in which the duties of the office had been performed. Did such evidence tend to overcome or lessen the presumption of malice, or mitigate the damages to which the plaintiff would otherwise have been entitled?

The case is clearly distinguishable from *Haskins v. Lumsden*, 10 Wis., 359, which arose before the code, and the only plea was the general issue and the truth of the statements

contained in the publication. But even there the existence of common rumors and reports of the truth of the libelous matter was excluded on the ground that the publication did not state nor refer to such rumors or reports as authority for the publication. Judge Dixon, giving the opinion of the court, said: "We do not, however, wish to be understood as . . . saying that such rumors might not be proved, to rebut the presumption of malice, in a case where the charge is made because of them, and referring to them as authority, or where it is simply asserted that such rumors and reports prevail, without at the same time asserting a belief in their truth." The case is also distinguishable from *Sans v. Joerris*, 14 Wis., 663, where the truth of the publication was alleged in justification, but nothing set up in mitigation. In *Saunders v. Mills*, 6 Bing., 213, the defendant was allowed under the general issue, and in mitigation of damages, to show that he copied the statement from another newspaper. A similar holding was had in *Huson v. Dale*, 19 Mich., 17.

In the light of these two cases, and under a statute similar to ours, it was held, in *Hewitt v. Pioneer Press Co.*, 23 Minn., 178, that "in an action for libel the defendant (the fact being properly pleaded) may, in mitigation of the damages, prove that, prior to publishing the alleged libel, it had seen the same matter published in other newspapers." In the opinion of the court in that case it is said, that, "to show want of actual malice, it is proper for the defendant to prove that, at the time of the publication, he reasonably believed the libelous writing to be true. Any fact tending to show such reasonable belief may be proved." The same rule prevails in California, where they have a similar statute. *Lick v. Owen*, 47 Cal., 252. See *Samuels v. Evening Mail*, 9 Hun, 288.

The statute manifestly was intended to do away with the old theory that the more truthful the publication the more aggravating the libel. Under the statute, the truth of the publication, properly pleaded and proved, is a complete defense.

The statute goes further, and allows, in connection with such plea of justification, as well as without it, any mitigating circumstances, notwithstanding they necessarily imply the falsity of the publication, to be pleaded and proved to reduce the amount of damages. The statute is certainly in harmony with the spirit of justice. To hold that one who seeks for the truth, and upon obtaining and publishing what he has good reason to believe to be true, though in fact false, shall be inflicted with the same amount of damages as though such publication were made knowing the same to be false, would be to put an honest and truthful intention on a level in respect to the measure of liability with the most false and wicked designs. It is well that such is not the law of Wisconsin. In this case we are constrained to hold, not only upon authority but upon the language of our statute, that, where the publication is *prima facie* libelous, facts and circumstances tending to overcome or lessen the presumption of malice, if properly pleaded in mitigation of damages, may be proved. Here such facts and circumstances were properly pleaded, but were improperly excluded by the court, and it remains to be seen whether the error was cured by the verdict. The special verdict finds that the article published was false, but was not published " with the *intent* to injure the plaintiff's feelings and degrade him in the estimation of the public." This certainly did not negative all malice. At most it merely negatived two elements of express malice. Malice might well have existed and manifested itself in other directions than the two named. This being so, the error in excluding the class of evidence referred to, and charging the jury as indicated, was not cured by the verdict.

Counsel for the respondent insisted that in case of reversal it should be without costs, for the reason that they offered to allow the verdict to be set aside and a new trial had in the court below, and a reversal without costs on this appeal. But it is manifest that a new trial, with the same rulings and the same charge, was not a desirable thing for the appellants, and

it should not be forced upon a party by indirection. See *Gutwillig v. Stumes*, 47 Wis., 434.

Whether the facts and circumstances alleged in the answer and sought to be proved were such as to bring the case within what is termed privileged communications, it is unnecessary here to determine, and we purposely refrain from considering them at this time. For convenience we refer, however, to *Carpenter v. Bailey*, 53 N. H., 590; *Palmer v. Concord*, 48 N. H., 211; *Van Wyck v. Aspinwall*, 17 N. Y., 190; *Wilson v. Fitch*, 41 Cal., 363.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.