## AMOS FENSTERMAKER, APPELLANT, *v.* THE TRI-BUNE PUBLISHING COMPANY, RESPONDENT.

PRACTICE ON APPEAL—REHEARING—LIBEL—PLEADING—EVIDENCE—
MEASURE OF DAMAGES.

1. A rehearing may be granted, even when the result must be the same as announced in the original opinion, when the concurrence of one of two judges constituting the court delivering the judgment on appeal is limited to the result, and thereby the law of the case is not made; and (2) the original opinion fails to consider a point raised upon the appeal, which, if tenable, might be fatal to the cause of action set forth in the complaint; and (3) the former opinion announces certain rules of law which, in the judgment of the court as constituted when the motion for rehearing is considered, require modification to prevent misapplication of same upon a new trial of the cause.

2. A newspaper article which relates wholly to the private acts of a family, with respect to cruel treatment of a child, is not a privileged publication, though made in good faith, as a matter of news in which the public may have much interest.

3. One who publishes matter concerning a family in its collective capacity assumes the risk of its being libelous as to any member thereof; and such matter concerns a class of which any member can maintain an action for defamation of himself personally, because the libel applies to each individual member, through the class, by the use, without discrimination, of the collective appellation.

4. By the provisions of section 3246, 2 Comp. Laws Utah 1888, in an action for libel or slander it is not necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the action arose, but it is sufficient to state generally that the same was published of or concerning the plaintiff. *Held*, that, in a suit upon a newspaper article published concerning a certain family, a complaint which alleges

that plaintiff is the head of that family, residing at the place named in the article, and that the publication was made of and concerning him, together with the article itself, and allegations of its falsity, states a cause of action.

5. Matters purely mitigatory, and not available under a plea in justification, must be specially pleaded with particularity, but mere evidentiary matters should not be set out in such plea.

6. A newspaper article which upon its face purports to be derived from sources other than the writer's own knowledge need not necessarily state the sources of information, in order to permit the publisher, when sued thereon, to allege and prove mitigating circumstences showing that he acted in good faith upon apparently reliable information.

7. Evidence in an action for libel, which related wholly to mitigating circumstances, is inadmissible under a plea of justification.

8. (a) When a publication is libelous, the plaintiff in a suit based thereon is entitled, in the absence of allegation and proof of special damage, to such general damages as the law will presume to be the natural or probable consequences of the defamatory words. (b) The amount of such damages is referred to the sound discretion of the jury, but must be purely compensatory. (c) The elements to be taken into consideration in assessing such damages are: (1) the plaintiff's injured feelings and tarnished reputation; (2) the nature of the imputation; (3) the character, condition, and influence of the parties; and (4) all mitigating circumstances shown by the evidence.

(No. 579.   Decided July 6, 1896.   45 P. R 1097.)

This was an action for libel, tried before Judge Bartch in the Third judicial district court of the territory.  The decision was reversed in the territorial supreme court and a rehearing granted by the supreme court of the state.

The case is reported in 12 Utah 439 and in 43 P. R. 112. No brief was filed at the rehearing, but briefs are given in full in the former report of the case.

On rehearing reversed.

*John M. Zane* and *James A. Williams,* for appellant.

*O. W. Powers,* ***D. N.*** *Straup* and *Ogden Hiles,* for respondent.

STREET, District Judge:

This case was originally heard in the supreme court of the territory of Utah on the 5th day of June, 1895; Chief Justice Merritt and Justices King and Smith sitting at the hearing. Pending the decision of the court Justice Smith died. The original opinion of the court was written by Justice King, and delivered and filed on the 21st day of December, 1895. Chief Justice Merritt did not concur in the opinion, except in so far as to concur in the judgment of reversal. The opinion is reported in 12 Utah 439, and is referred to as stating the pleadings and certain facts explanatory of this opinion. A motion for a rehearing was duly made, on behalf of the respondent, to the supreme court of the state of Utah; the territorial form of government having in the meantime merged into the present government, under the constitution of the state of Utah. When the motion came up for rehearing, it was found that all of the judges of the supreme court were disqualified to sit in the cause; Chief Justice Zane and Justice Miner having been of counsel in the case, and Justice Bartch having tried the cause in the lower court. It is provided by the constitution of Utah (article 8, § 2) that, "if a justice of the supreme court shall be disqualified from sitting in a cause before said court, the remaining judges shall call a district judge to sit with them on the hearing of such cause." The historically unique position of this case, in presenting disqualifications of all the judges of the supreme court, becoming known to the first legislature of the state of Utah, out of abundance of caution it inserted in

the act providing for the organization of the supreme court a part of a section intended to meet the emergency presented in this case, the clause being as follows: "If all the justices are disqualified, the court shall call in three district judges to hear the cause." As adding to the historical interest of the case—to the profession, at least—is the fact that Judge Ogden Hiles, one of the three district judges for the Third judicial district, was also disqualified to act, from having been of counsel in the case. In consequence of this situation of affairs, the supreme court called upon Judge E. V. Higgins, of the Fifth judicial district, and Judge Le Grand Young and the writer of this opinion, judges of the third judicial district, to act upon the motion for a rehearing, and in subsequent proceedings in the cause in the supreme court. Upon consideration of the fact that one point raised by the record, and strenuously insisted upon in the brief for respondent on the motion for rehearing, was not passed upon by the learned judge who delivered the original opinion, and because the original opinion was not concurred in by two judges as to the particular question discussed and decided, the court composed as stated was of the opinion that a rehearing should be granted and the law of the case defined; and an order was made to that effect, and a rehearing had.

Counsel for the respondent upon the rehearing insisted that the article alleged by plaintiff to be libelous, and fully set forth in the former opinion, is of the class termed "privileged publications," and therefore no action for its publication can be maintained, in the absence of an allegation of malice in fact, and proof thereof. This point was not passed upon in the former opinion, and if tenable, it would be necessary to consider the nature and extent of the privilege, whether absolute or qualified, and the effect upon damages, whether to bar recovery

entirely or otherwise. But it is unnecessary to decide these questions, for the reason that an extended examination of standard text-books and of the cases on this branch of the law of privileged communications fails to reveal any authority for extending the doctrine relied upon to a case where the alleged libel is based upon charges against a private individual acting in a private capacity, or, as in this case, a family acting in private matters, notwithstanding that the public might have much interest in the publication as a matter of news. The publication in a newspaper of false and defamatory matter is not privileged because made in good faith as a matter of news. Newell, Defam. p. 395 and cases cited; *Wilson* v. *Fitch*, 41 Cal. 363-383; *McAllister* v. *Press Co.*, 76 Mich. 338, 43 N. W. 431, and note to same case in 15 Am. St. Rep. p. 345; *White* v. *Nicholls*, 3 How. 266; 13 Am. & Eng. Enc. Law, p. 316. The newspaper article in question in this action is not a privileged communication.

Respecting the other principal points raised by the briefs and arguments of counsel for the respective parties, we adopt and modify the original opinion in the following particulars:

1. With respect to the point raised by the respondent, that plaintiff cannot secure a reversal, for the reason that the complaint, after amendment, did not state facts sufficient to constitute a cause of action, and the plaintiff failed to make out a case because the article sued on did not refer to an individual, but to a class, the former opinion reaches the true conclusion. The allegations of the complaint that the plaintiff is the head of the "Fenstermaker family," residing on "Box Elder ranch," and that the publication was made of and concerning the plaintiff, together with the article itself, and allegations of its falsity, stated a cause of action under section 3246 of the Compiled Laws, and under the rule enunciated in

the former opinion, that the publication concerned such a class that any member thereof could maintain an action for defamation of himself personally, because of the alleged libel applying to each individual member through the class, by the use without discrimination of the collective appellation. One who publishes matter about a family in its collective capacity assumes the risk of its being libelous as to any member thereof. Any other rule would violate elementary principles of jurisprudence, in suffering a wrong to exist without a remedy, and would permit indiscriminating reference to the deeds of a single member of the family as the deeds of all collectively, while the odium should rest legally and morally only upon the member of the family who is guilty.

2. We coincide with the original opinion in respect to the plea of justification in the answer, and adopt the conclusion that, under all the circumstances, it must be held that the answer contained a plea of justification.

3. We further agree with the former opinion that while the terms of section 3247, Comp. Laws 1888, permits a defendant to combine a defense alleging the truth of the matter charged as defamatory with a plea in mitigation to reduce the amount of damages, and also to offer proof upon both pleas, yet, in order to be entitled to introduce evidence upon either special plea or defense, the defendant must sufficiently and separately state in his answer all circumstances of mitigation and matters of justification relied upon. It should be noted that the language of the statute is, "The defendant may in his answer allege both the truth of the matter charged as defamatory, and any circumstances to reduce the amount of damages, and whether he prove the justification or not, he may give in evidence the mitigating circumstances." Under such a statute, if matters properly pleaded in justification had been communicated or were

known to the defendant at the time of the publication of the alleged libel, then they may be available also in mitigation, if the proof is insufficient to establish the justification. *Bush* v. *Prosser*, 11 N. Y. 349; *Bisbey* v. *Shaw*, 12 N. Y. 67; *Eviston* v. *Cramer*, 54 Wis. 222, 11 N. W. 556; *Thrall* v. *Smiley*, 9 Cal. 529; *Edwards* v. *Society*, 99 Cal. 431, 34 Pac. 128. But in no jurisdiction where a statute similar to the one in question has been in force can we find any authority for admitting evidence which is purely in mitigation, and in no sense justifies the libel under a plea like that set up in the answer of the defendant. Such mitigating circumstances as tend to disprove malice, without tending to prove the truth of the charge, must be specially pleaded, and only such mitigating circumstances as have been set out in the answer can be admitted in evidence. *Willover* v. *Hill*, 72 N. Y. 36. Therefore we adopt the conclusion in the former opinion, that the evidence of P. H. Lannan, president and general manager of the defendant, relating to the source of his information, and his belief that it was true, was improperly admitted, because not pleaded, and is ground for reversal. But in the discussion of this subject we think the former opinion is somewhat inconsistent, and announces a principle of pleading which we hesitate to adopt. The objection to the admission of this evidence was upon two grounds: First, that there was not proper plea of mitigation (which we deem a sufficient ground); and, second, that the article did not purport to be made on the statement of another. The learned judge who wrote the original opinion held both of these objections good, and as to the second objection, held that the evidence in question was also incompetent because the article constituting the alleged libel did not "state the source of information." The opinion further proceeds upon the admissibility of the evidence of Gilson, Murdock, and

Wilder, tending to prove the same class of mitigating circumstances, as follows: "If the defendant had averred in its answer that it had been informed by Gilson that he had met the girl, and had set out the conversation ensuing between them, and Gilson's statement to Lannan, and all the circumstances which induced in the latter's mind a belief in the truth of the charge, and that he believed the statement to be true, Gilson's testimony would have been competent under a plea of mitigation."

These conclusions relating to evidence of the same purport, although from different witnesses (Lannan and Gilson), seem inconsistent. If the evidence of Lannan was inadmissible because the article did not purport to be made on the statement of another, no plea would make it admissible, and the same rule would exclude the evidence of Gilson *et al.* But we cannot assent to the conclusion that the article in question purported to be derived from defendant's own knowledge. Its opening sentence seems to convey the contrary idea. "One of the worst cases of cruelty ever heard of in this section of the country comes from the county of Box Elder; and the facts, as stated, are enough to make the blood of an average man boil with indignation," is the language of this sentence. This language implies a narration of facts coming from another county, and limits the comment contained in the last phrase to the facts "as stated;" implying that the comment was made with reliance upon the alleged facts stated to the defendant from a source not named. We do not think that the mere fact that the article did not state the sources of information prevents the defendant alleging and proving mitigating circumstances, showing that it acted upon apparently reliable information, and in good faith. Wilson v. Fitch, 41 Cal. 363-383; Newell, Defam. p. 884, note 18; Id. p. 895;

*Henkle* v. *Davenport*, 38 Iowa 35; *Galloway* v. *Courtney*, 10 Rich. Law 414.

We also cannot assent to the rule respecting the pleading of matters in mitigation, announced in the paragraph of the former opinion quoted above. Undoubtedly such circumstances must be pleaded with particularity, so as to clearly define the nature and extent of the circumstances relied upon, but the rule adopted in the original opinion requires mere evidentiary facts to be set out in detail; and we see no good reason for making this plea an exception to the general rule, and such leading authorities as Bliss on Code Pleading, and Pomeroy's Code Remedies, fail to note any such exception.

4. We agree that the lower court erred in permitting respondent's cross-examination of Mrs. Fenstermaker upon the particular collateral matters set out in the original opinion, and in admitting the evidence of Ethel Crockett, Justice Williams, and other witnesses to contradict her on surrebuttal. The able discussion on this subject in the original opinion, and the authorities cited, define the error clearly.

5. Respecting damages, it is evident that no correct rule was included in the instructions given by the trial court. If the publication was false, the plaintiff was entitled, in the absence of allegation and proof of special damage, to such general damages as the law would presume to be the natural or probable consequence of the defamatory words. These damages arise by inference of law, and need not be proved by evidence. Such damages may be recovered wherever the immediate tendency of the libelous words is to impair the party's reputation, although no actual pecuniary loss has in fact resulted. 3 Suth. Dam. (2 Ed.) §§ 1204-1206; Newell, Defam. p. 838 *et seq.; Wilson* v. *Fitch*, 41 Cal. 363-386. The amount which the injured party ought to recover is referred to

the sound discretion of the jury; and the elements or factors which should be taken into consideration are the plaintiff's injured feelings and tarnished reputation, the nature of the imputation, and the character, condition, and influence of the parties as they may be shown by the evidence. Likewise, all mitigating circumstances proven are to be considered by the jury in determining the amount of recovery. In a case where no punitive or exemplary damages are claimed, the jurors should be instructed that their verdict must not be based upon any idea of punishment of the publisher of the libel, nor include any damages by way of punishment or example. In such case the verdict must be purely compensatory under the rules above stated. 3 Suth. Dam. (2d Ed.) §§ 1206, 1214, 1231; Newell, Defam. pp. 847, 848, 883. For the reasons stated the judgment of the lower court must be reversed, and the case remanded, with instructions to grant a new trial, and with permission to amend pleadings if desired.

HIGGINS, District Judge, concurs.

NOTE.—Judge LeGrand Young, who sat as judge in the hearing of this case, resigned his office before this opinion was delivered.