[No. 7357]

MEEKER v. THE POST PRINTING AND PUBLISHING COMPANY.

1. LIBEL—*Damages—Special Damages*—A publication imputing unfilial conduct of a daughter towards her mother is libelous *per se.* Unless the truth of the charge is established the plaintiff recovers compensatory damages, without allegation or proof of special damages.

2. ——*Privileged Communication*—The publication of defamatory allegations contained in the complaint and affidavits in a pending cause, before the trial of the cause, is not privileged. It is no defense to an action for the publication to show that the defamatory matter was in fact contained in the pleadings and affidavits in question.

3. ——*Pleading*—Under the code provision (Sec. 75) both justification and mitigating circumstances must be pleaded. And in plead-

ing mitigating circumstances, the facts relied upon to mitigate the damages must be stated, in order that plaintiff may not be taken by surprise at the trial.

4. ——*Denial of Malice*, is, of itself, no defense, and *is not to* be accepted as mitigating the damages.

5. ——*Evidence*—The alleged libel consisted in the publication of defamatory matter contained in the files of a pending cause before trial thereof. The answer alleged only the truth of the libel. *Held* improper to admit in evidence the pleadings in such cause, other publications of similar defamatory matter, rumors in circulation in the community, and the like. All such matters are irrelevant to the issue.

6. ——*Instructions*—The only plea being one in justification the defendant was permitted to put in a volume of irrelevant and incompetent evidence, and the jury were told that they might consider such evidence in mitigation of damages. *Held* prejudicial error, even conceding that the jury found the defamatory matter of the publication to be true.

7. ——*How Far the Jury Are Judges of the Law*—Notwithstanding the provision of the constitution (§ 10, art. II) that the jury in actions for libel shall determine the law and the facts, the issues must be made up as in other cases, and the rules of evidence observed. A verdict based upon evidence which the law declares incompetent will not be allowed to stand.

8. Appeals—*Rehearing*—Upon rehearing questions not presented upon the original argument will not be considered.

*Error to Denver District Court.*—Hon. Greeley W. Whitford, Judge.

Mr. Robert H. Kane and Mr. Dan B. Carey, for plaintiff in error.

Mr. John T. Bottom and Mr. Milnor E. Gleaves, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The plaintiff in error charges the defendant with libel, which alleged libelous articles were set out in full in the complaint, wherein it was alleged that the defendant well knowing the premises, wilfully, wickedly, falsely, maliciously and with a wanton and reckless disregard of the rights and feelings of the plaintiff thus published in its newspaper and circulated these libelous articles, and

that they were false, scandalous, defamatory, libelous statements, and matter of and concerning the plaintiff.

By answer the defendant admits that the articles were, by it, published and circulated as alleged, but denies that it was with malice towards the plaintiff or any other person. It further alleges that the statements made in the articles were true. The verdict and judgment were for the defendant. The plaintiff brings the case here for review.

The articles set forth in the complaint and by the answer admitted to have been published and circulated, come within the rule announced by this court in *Republican Pub. Co. v. Mosman,* 15 Colo. 399, 24 Pac. 1051, and for the reason therein stated are libelous *per se.* In such case without any allegation or proof of special damages the plaintiff is entitled to compensatory damages, unless the defendant alleges and proves the truth of the charges published.—*The Republican Pub. Co. v. Mosman, supra; Melcher v. Beeler,* 48 Colo. 233, 110 Pac. 181, 139 Am. St. 273; *Lehrer v. Elmore,* 100 Ky. 56, 37 S. W. 292.

These publications, in part, stated that certain libelous charges, naming them, were made and set forth in a complaint, and certain affidavits filed, in a civil suit then pending against this plaintiff. The publication of the contents of these papers was before trial and before any action had taken place on such pleadings or papers; in such cases it appears to be conceded that the publications were in no sense privileged.—25 Cyc. 404; *Republican Pub. Co. v. Conroy,* 5 Colo. App. 262, 38 Pac. 423; *Park v. Detroit Free Press Co.,* 72 Mich. 560, 40 N. W. 731, 1 L. R. A. 519, 16 Am. St. 544; *Barber v. St. Louis Dispatch Co.,* 3 Mo. App. 377; *Cowley v. Pulsifer,* 137 Mass. 392, 50 Am. Rep. 318.

Where the publication is not privileged, the rule is that where the libelous article is published as being alleged in the complaint, it is not sufficient as a defense to

show that it was thus alleged, but the truth of the charge must be shown.—*Republican Pub. Co. v. Miner,* 3 Colo. App. 568, 34 Pac. 485; *Starkie on Slander & Libel,* 278; *Townshend on Slander and Libel,* (4th Ed.), sec. 210; *Odgers on Libel and Slander,* pp. 161-172; *Jones, Varnum & Co. v. Townsend's Admx.,* 21 Fla. 431, 58 Am. Rep. 676; *Skinner v. Powers,* 1 Wendell, 451; *Dement v. Houston Printing Co.,* 14 Tex. Civ. App. 391, 37 S. W. 985; *Evans v. Smith,* 5 T. B. Mon. 363, 17 Am. Dec. 74; Cooley on Torts, (2nd Ed.), p. 220.

None of these rules appear to be seriously controverted; we announce them simply as the shortest way to reach the assignments which necessitate a reversal of the judgment.

Section 75, Revised Code, 1908, provides in actions for libel or slander that the defendant may, in his answer, allege both the truth of the matters charged as defamatory, and any mitigating circumstances to reduce the amount of damages, and whether he prove the justification or not he may give in evidence the mitigating circumstances. Under code provisions like ours, it is held that justification and mitigating circumstances are new matter to be plead in the answer.—*Bliss on Code Pleading,* (3rd Ed.), secs. 361-363; Vol. 13 Ency. of Pl. & Pr., p. 77; *McKane v. The Brooklyn Citizen,* 53 Hun. 132, 6 N. Y. Sup. 171; *Fry v. Bennett,* 3 N. Y. Super. 201; *Mielenz v. Quasdorf,* 68 Iowa 726, 28 N. W. 41.

Likewise, the general rule is in specially pleading mitigating circumstances that the answer should state the facts on which the mitigation is predicated.—25 Cyc. 464; *Fenstermaker v. The Tribune Pub. Co.,* 13 Utah 532, 45 Pac. 1097, 35 L. R. S. 511; *Knox v. Commercial Agency,* 47 Hun. 508.

It will be observed that the defendant, while pleading the truth of the matters alleged, does not plead any mitigating circumstances, unless the denial in its answer

that it was published with malice toward the plaintiff or any other person constitutes such a plea. As to this allegation where the article is libelous *per se* it has repeatedly been held, in which we concur, that when standing alone it fails to constitute a defense.—25 Cyc. 457; *Fenstermaker v. Tribune Publishing Co.,* 13 Utah 532, 45 Pac. 1097, 35 L. R. A. 611; Bliss on Code Pleading, (3rd Ed.), Sec. 360.

The denial of malice does not constitute a good plea in mitigation of damages; it sets forth no allegation of facts as required by our code and held by all the authorities necessary in order to make up such an issue. One reason for the rule requiring a defendant to plead his facts in mitigation of damages is, that the plaintiff may be advised as to what facts the defendant relies upon as his defense in that respect, and in order that issues may be framed thereon, so as to prevent surprise at the trial concerning the facts which the defendant intends to prove in order to sustain this defense. It is based upon the same necessity which requires written pleadings in all cases in courts of record.—*Rocky Mountain News v. Fridborn,* 46 Colo. 440, 104 Pac. 906, 24 L. R. A. (N. S.) 891.

It will thus be observed that the answer contains but one defense, that is the truth of the articles published, which was done without malice, etc. Regardless of this the court, over the plaintiff's objections, admitted evidence to establish that similar articles had been published in other newspapers, also, a long line of hearsay testimony, which, at best, would also tend to establish that such rumors were in circulation in the community and that certain persons had told other persons that they had heard such facts existed. These alleged libelous articles pertained, in part, to the treatment, at her hands, of the plaintiff's mother. The testimony of a brother and others as to what the mother told them was admitted; also, the testimony of certain newspaper reporters as to what the

neighbors in the vicinity had told them they knew or had heard concerning the transaction. The complaint filed in the district court of Weld county in the original suit to which the publications in part referred, was admitted in evidence. None of this line of evidence was competent to establish the truth of the articles published and hence was not relevant to any issue made by the pleadings, for which reason it was improperly admitted.—*Fenstermaker v. Tribune Publishing Co., supra; Folwell v. Providence Journal Co.,* 19 R. I. 551, 37 Atl. 6; *Lehrer v. Elmore, supra; Republican Pub. Co. v. Miner,* 3 Colo. App., 568, 34 Pac. 485.

By Instruction No. 12 the jury were told if they believed from the evidence that the plea of justification was filed in good faith and in honest expectations that the evidence to that end had been introduced honestly for the purpose of supporting such plea, then such evidence may be considered by the jury in mitigation of damages, even though it be insufficient to prove the truth of the plea in the event that the jury did not find the plea of justification to be true. Under the issues as made this instruction was clearly erroneous and could not have done other than to mislead the jury. While it is true that the constitution of this state provides that the jury, in libelous cases, shall determine the law and the facts, this does not eliminate the requirements that the issues be made up and the same procedure followed as in other cases and that the rules of evidence be likewise thus followed.— Article II, Section 10, Colorado Constitution.

This position is not seriously controverted, but it is claimed that as the judgment was for the defendant it had to be based upon a finding that the articles thus published were true, hence, that the admission of this testimony constitutes harmless error. We are not prepared to say that the jury may not have decided that the articles published were true, but we have no right to assume that

the jury reached this conclusion, from competent evidence alone, when the record discloses that a large amount of incompetent and hearsay testimony was admitted, the most of which could only be introduced where a plea had properly been made in mitigation of damages. From aught that appears in the record, and from which it seems to us quite probable that the jury, if they decided that the articles published were true, did so upon the assumption that as the facts had been alleged in the complaint in the suit referred to, and had been published in other newspapers, and were in general circulation in the community in which the plaintiff lived, that they were unquestionably true. By Instruction No. 12 the jury were told that evidence offered to support the plea of justification could be used by the jury and considered in mitigation of damages even though it be insufficient to prove the truth of the plea in the event that the jury did not find the plea of justification to be true. This instruction unquestionably led the jury to believe that all this irrelevant testimony was competent in order to sustain the plea of justification as well as to be considered upon the question of mitigation of damages, although as we have stated, this was clearly erroneous. The competent evidence was conflicting. The plaintiff is shown to have been successful in the suit brought against her by her mother and brother, regardless of the seriousness of the charges against her in their complaint, and it is impossible for us to say that the result here would have been as it is had the incompetent and hearsay evidence been omitted.

For the reasons stated the judgment is reversed and the cause remanded for a new trial. The parties will be permitted to amend their pleadings as they may be advised.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.

### On Petition for Rehearing.

Upon petition for rehearing counsel, for the first time, make the claim that certain portions of the answer, which upon motion were stricken, plead matters in mitigation of damages, for which reason they urge that the testimony upon this subject was competent. The case was disposed of upon the record as presented. Whether the matters referred to were sufficient to constitute such a plea was neither argued nor considered. No cross assignments of error were presented concerning the court's ruling in this respect. If they were sufficient for the purposes for which it is claimed they were intended (concerning which we express no opinion), the proper way to have had the question determined was by cross assignments of error. The admission of evidence is controlled by the issues as made by the pleadings, and not as to what might have been proper had the pleadings been different than they were when the issues are finally made up. The opinion allows both parties to amend their pleadings. This will permit the plaintiff in error to properly plead and present competent evidence upon this subject.

The petition for rehearing is denied.

Decided April 3, A. D. 1913. Rehearing denied October 8, A. D. 1913.