### BURTON v. MATTSON et ux.

No. 3059.   Decided August 1, 1917.   (166 Pac. 979.)

1. LIBEL AND SLANDER—PLEADING. In an action for libel committed by writing plaintiff's wife by implication that he had illicit relations with another woman, where the letter complained of as being defamatory expressly referred to and named plaintiff, it was not necessary that the amended complaint allege that the words were written of and concerning plaintiff; such an allegation would have been mere surplusage. (Page 137.)

2. LIBEL AND SLANDER—CONDITIONAL PRIVILEGE—STATUTE. Under Comp. Laws 1907, section 4204, providing that a communication made to a person who stood in such relation to the former as to afford a reasonable ground for supposing his motive innocent is not presumed to be malicious, and is privileged, where defendants, husband and wife, unrelated to plaintiff, wrote to plaintiff's wife in such terms as to imply that he had illicit relations with another woman, the communications were not conditionally privileged, having been made merely on the assumption that plaintiff's wife would regard the act as friendly. (Page 137.)

3. LIBEL AND SLANDER—PLEADING MALICE. The complaint, in an action for libel, alleging that the matters contained in the alleged libelous letters were false and libelous, sufficiently alleged that the communications were made with malice. (Page 138.)

4. LIBEL AND SLANDER—PLEADING—COMPLAINT—STATUTE. Under Comp. Laws 1907, section 2994, providing that in an action for libel it is not necessary to state in the complaint any extrinsic facts to show the application to plaintiff of the defamatory matter, in an action for libel by writing plaintiff's wife letters implying that plaintiff sustained illicit relations with another woman, where the face of the complaint showed that the publication was concerning

plaintiff, that it was falsely made with the intent to effect an estrangement between him and his wife, etc., the complaint was not insufficient as containing no inducement, colloquium, or proper innuendoes.[1]  (Page 138.)

Appeal from District Court, Second District; *Hon. N. J. Harris*, Judge.

Action by J. W. Burton against Peter A. Mattson and Mrs. Mabel Mattson, his wife.

From an order dismissing the action on the demurrer to the amended complaint, plaintiff appeals.

REVERSED and REMANDED, with directions.

*Hancock & Barnes* for appellant.

*George Halverson* for respondent.

CORFMAN, J.

This appeal involves the sufficiency of plaintiff's amended complaint in an action brought in the district court of Weber county to recover damages by reason of the publication of certain letters of the defendants concerning the plaintiff.  Defendants demurred generally to the amended complaint.  The demurrer was sustained, with leave given to amend.  Plaintiff elected to stand on his amended complaint without further amendment, whereupon the court made its order dismissing the action.  Plaintiff appeals.

The amended complaint is as follows:

"That the plaintiff is now and at all times mentioned herein was a farmer and sheep raiser engaged in such business in Davis, Weber, Box Elder, and Cache Counties, state of Utah.

"That on or about the 1st day of April, 1914, the defendants wrote the following letters and mailed them to Mrs. J. W. Burton, Kaysville, Weber County, Utah, and said letters were received by the said Mrs. J. W. Burton, wife of the plaintiff, on or about the 2d day of April, 1914:

---

[1] *Fenstermaker* v. *Tribune Pub. Co.*, 13 Utah, 532, 45 Pac. 1097, 35 L. R. A. 611.

" 'Ogden, Utah, April 1, 1914.

" 'Mrs. J. W. Burton, Dear Madam: Has Mr. Burton not been out of town for the past six months from Wed. to Fridays and has not he told you he was out with his sheep. You may know all about the sheep he is with but if you don't I will tell you that this sheep's name is Mrs. Agnes Grim, known in Ogden as Mrs. John Woods. Three weeks ago tomorrow he went to Brigham City to move this lady, was he away from home at this time? If you stop to think you may know for yourself what I have said is so. I will not give you my name and address today, but one week from today I will write you again and tell you who I am and where I live. Your friend.'

" 'Ogden, Utah, April 6, 1914.

" 'Mrs. J. W. Burton: I wrote to you some time ago about Mr. Burton's conduct. Now I write this time to tell you who I am. I live at 613 28th street. I am Mrs. P. A. Mattson, Mr. A. E. Williams' daughter of Kaysville. Now Mrs. Burton being a neighbor of Mrs. Woods, also knowing who you were I thought maybe you would like to know about this. I would thank any one who would tell me of such things and consider them my friends. If you should care to hear from me again you would write me at this address.

" 'Mrs. P. A. Mattson,
" '613 28th Street, Ogden, Utah.'

"That the matters contained in the foregoing letters were false and libelous, and were intended by the defendants to effect an estrangement between this plaintiff and Mrs. J. W. Burton, the wife of this plaintiff.

"That the above letters were written by the defendant, Mrs. Peter Mattson, at the instance and by and with the co-operation of the defendant Peter Mattson, and the same were received and read by the wife of this plaintiff at Kaysville, Utah, on or about the 7th day of April, 1914; that this plaintiff did not know who were the writers and instigators of said letters until on or about the 15th day of October, 1914.

"That prior to the dates of said letters and the receipt thereof by the wife of this plaintiff, plaintiff and his said wife were living happily together at Kaysville, Utah, and by reason

of the false and libelous statements contained in said letters an estrangement was created between this plaintiff and his wife, and the said Mrs. J. W. Burton did thereafter institute divorce proceedings against this plaintiff, plaintiff's family was disrupted, his home was disorganized, and he was put to great expense, to wit, the sum of $2,000 in litigation, resulting directly from said false and libelous letters.

"That the defendants intended by said letters that Mrs. J. W. Burton should thereby be given to understand that this plaintiff was an immoral man and was living in illicit relations with the said Mrs. Agnes Grim referred to in said letters, and the said Mrs. J. W. Burton did, according to the best knowledge, information, and belief of this plaintiff so receive and accept the intendment of said letters.

"That on the 26th day of February, 1915, an action was commenced in the above-entitled court by the plaintiff herein against the defendants on the identical cause of action herein stated, and that said action failed otherwise than on its merits.

"That by reason of said libelous letters so published by the defendants, this plaintiff has been injured in his business relations with various parties in the counties above referred to, his character and reputation have been befouled, and his home been broken up, all to his great damage in the sum of $10,000, no part of which has been paid.

"Wherefore plaintiff prays for judgment against the defendants in the sum of $10,000 and for all costs."

It is contended by defendants that the complaint is insufficient in several particulars: (1) That there is no allegation that the alleged libelous and defamatory matter complained of was written of and concerning the plaintiff; (2) the communication complained of is conditionally privileged under the provisions of section 4204, Comp. Laws Utah 1907; (3) that there is no allegation that the publication was malicious; (4) that there is no inducement or colloquium, nor any proper innuendoes in the complaint.

We cannot agree with the contentions made by defendants in any particular. We will assign our reasons in the order

above mentioned, and as defendants, in their brief, present their objections to the complaint.

(a) The letter complained of as being defamatory expressly refers to and names the plaintiff. It is the plaintiff that is being spoken of, as the letter expressly states, and to make the further express allegation that the words were written of and concerning the plaintiff would be mere surplusage.

(b) The second objection that the communication is conditionally privileged under section 4204, Laws Utah 1907, is equally untenable. Said section reads:

"A communication made to a person interested in the communication, by one who was also interested or who stood in such relation to the former as to afford a reasonable ground for supposing his motive innocent, is not presumed to be malicious, and is a privileged communication."

If the publication complained of is to be regarded as conditionally privileged, it must be made under circumstances furnishing a legal duty or excuse for making it, or some additional facts must be alleged showing it to have been made without legal excuse. Townshend, Slander & Libel (4th Ed.) section 209. If the defendants were interested in the communication made, nothing appears on the face of the complaint to so indicate; nor is the relationship of the defendants shown to be such as would justify the conclusion that their motives were innocent; but, to the contrary, it is apparent from the pleadings that these unsolicited communications were made by the defendants merely on the assumption that the wife of the plaintiff would regard it as a friendly act on their part. Any legal excuse or moral duty the defendants may have had in writing the letters complained of certainly does not appear from the express allegations of the complaint itself. Nor can any such duty or excuse be reasonably inferred therefrom. Moreover, the complaint states that the matters contained in the letters were false, and were made with the intention that the wife of the plaintiff, "Mrs. J. W. Burton, should thereby be given to understand that the plaintiff was an immoral man

and living in illicit relations with the said Mrs. Agnes Grim, referred to in said letters.''

(c) The language of the pleading is that ''the matters contained in the foregoing letters were false and libelous,'' from which statement the only reasonable inferences to be drawn are that the communications were made with malice.

(d) As to the fourth objection made by the defendants, that the complaint contains no inducement or colloquium, nor any proper innuendoes. Section 2994, Comp. Laws Utah 1907, provides:

''In an action for libel or slander, it is not necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the action arose.'' *Fenstermaker* v. *Tribune Pub. Co.*, 13 Utah, 532, 45 Pac. 1097, 35 L. R. A. 611; Townshend, Slander and Libel, section 308.

The face of the complaint, as we have heretofore stated, sufficiently shows that the publication complained of was concerning the plaintiff; that it was falsely made with the intent to effect an estrangement between the plaintiff and his wife, and ''that Mrs. J. W. Burton should thereby be given to understand that this plaintiff was an immoral man and was living with the said Agnes Grim.'' While not artfully drawn, yet, under the authorities cited by both plaintiff and the defendants, as well as numerous other authorities examined by us, the amended complaint meets the essential requirements in stating a cause of action against the defendants, and we are of the opinion that the district court committed error in sustaining the defendants' demurrer to the amended complaint, and in dismissing the plaintiff's action.

It is therefore ordered that the judgment of the district court be reversed; that the cause be remanded to said court, with directions that the defendants' demurrer to the plaintiff's amended complaint be overruled, and that the defendants be permitted to answer. Appellant to recover costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.