## No. 10,048.

### SWITZER v. ANTHONY, ET AL.

Decided April 3, 1922.   Rehearing denied May 1, 1922.

Action for libel.   Judgment for defendants.

*Affirmed in part—Reversed in part.*

1. LIBEL—*Pleading—Variance.* In an action for libel, the gravamen of the charge is the publication, and an additional allegation that the defendants conspired together does not affect the sufficiency of the complaint, and the failure to prove the conspiracy does not constitute a variance.

2. *Mis-nomer—Identification.* Where in an action for libel, the name of the plaintiff was mis-spelled in the alleged libelous article, it is for the jury to say whether there was a sufficiently accurate description to identify the plaintiff, and whether the defamatory matter was published of and concerning her.

3. *Intent.* In an action for libel, it is not necessary that the defendant should have known and intended to defame the plaintiff. Intent is immaterial except as a part of express malice.

4. *Malice—Evidence.* Lack of direct evidence of malice alone will not always defeat an action for libel. Where the libelous words are actionable *per se*, malice sufficient to sustain a judgment is presumed.

5. *Words libelous per se.* The charge that plaintiff called the American flag "a dirty rag", is libelous *per se*.

6. *Indirect Charge.* Where the libelous article states that the plaintiff had been accused of referring to the American flag as a dirty rag, the effect is the same as though the charge had been made direct.

7. *Privileged Publication.* The publication of a legal proceeding is qualifiedly privileged, but not until it has gone into court and thereby become public. Moreover, the qualified privilege permits only the publication of a truthful statement.

8.    *Damages—Proof.* The fact that no damage is proven in an action for libel, is immaterial, on motion for a directed verdict, where the case is one of libel *per se.*

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. DUNCAN McPHAIL, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error brought suit for libel against Caroline M. Anthony and the Denver Express Publishing Company, publisher of the newspaper, the Denver Express. The complaint alleged that the defendants conspired to publish and did publish the following:

"Insult the Flag, Woman Says, so She'll Avenge It."

"Mrs. Ellen Switcher, 2936 W. 3rd av. (meaning the plaintiff herein) called the American flag a 'dirty rag,' according to Mrs. Caroline M. Anthony, a neighbor. Mrs. Anthony's forbears were pioneer American settlers and she immediately protested against the insult to the flag. Then she claims Duncan McPhail, an attorney, got into the argument and sided with. Mrs. Switcher (meaning the plaintiff herein). So Mrs. Anthony Wednesday asked the district attorney's office to have the two deported as 'undesirable aliens.' She was referred to the commissioner of immigration. 'If he doesn't deport them, I'll take the matter into my own hands and avenge the flag,' said Mrs. Anthony."

On trial, after evidence on both sides, the court directed verdicts for the defendants.

The material facts are as follows, and are undisputed:

Mrs. Anthony complained to the deputy district attorney of some misconduct of the plaintiff, Mrs. Switzer, and at the same time said that another woman had referred to the American flag as a "dirty rag." A reporter, in writing

the story for the Express, got his wires crossed and put Mrs. Switzer in the other woman's place. Neither he nor anybody in connection with the newspaper knew the plaintiff or anything about her, or had any wish to defame her.

Mrs. Anthony was shown to have had nothing to do with the libel, and was properly discharged.

We are forced to the conclusion that the direction of the verdict for the defendant, The Express Publishing Company, was erroneous. The court stated the following reasons for its action: 1st. That no conspiracy had been shown as alleged in the complaint; 2nd. That the article referred to one Ellen Switcher and was in no way connected with Ellen Switzer; 3rd. That no malice or want of good faith had been shown; 4th. That the plaintiff was not the person libeled; 5th. That the complaint did not state facts sufficient to constitute a cause of action; 6th. That the statute defined libel as malicious defamation; 7th. That the matter is one of qualified privilege.

Counsel for the defendant in error adds to this that no damage was shown.

As to the first ground: the allegations are that the defendant Anthony "did convey and deliver" to the defendant corporation the libelous matter and that "said defendants did contrive and conspire together  *  *  *  and did print, publish and circulate of and concerning" plaintiff the matter above set forth.

The gravamen of this charge is, of course, the publication, and the allegation that the defendants did or did not conspire does not affect the sufficiency of the complaint and the failure to prove it does not constitute a variance, therefore the first reason given by the court was unsound. Under the old practice the rule might have been otherwise, but under our code one can see no reason for declaring a variance when the real gravamen has been proved. Code 1908, sec. 84.

As to the second point, that the article referred to Ellen Switcher and not Ellen Switzer; the court might have added that it described her as residing at 2936 West 3rd

avenue, when in fact she resided at 2905 West 2nd avenue, but the evidence was that there was no such number as 2936 W. 3rd avenue, and no such person known as Ellen Switcher, and one witness testified that while she knew plaintiff and that the proper spelling of her name was Ellen Switzer, she (the witness) pronounced it "Switcher." The plaintiff herself testified that because of the odium of the charge she was subjected to insult. These things tended to show and would justify the jury in finding that there was an accurate enough description in the alleged libel to identify the plaintiff and that it did identify her and therefore it was for the jury to say whether the defamatory matter was spoken of and concerning the plaintiff, because it was for them to determine what the article meant. *Republican Publishing Company v. Miner*, 12 Colo. 77, 86, 20 Pac. 345.

In this connection it should be remembered that the fact that neither the reporter nor anybody else connected with the newspaper knew the plaintiff, is immaterial to the right to recover. It is not necessary that they should have known her and have intended to defame her. Upon this point we cannot agree with the case of *Hanson v. Globe Newspaper Company*, 159 Mass. 293, 34 N. E. 462, 20 L. R. A. 856, or with counsel's interpretation of *Butler v. News-Leader Co.*, 104 Va. 1, 51 S. E. 213. The dissenting opinion in *Hanson v. Globe Company* in our judgment, states the correct law. Intent is immaterial except as a part of express malice.

The 3rd point, that the plaintiff had shown no malice or want of good faith, is annulled by *Meeker v. Post Pub. Co.*, 55 Colo. 355, 359, 135 Pac. 457, Ann. Cas. 1915A, 126. Lack of direct evidence of malice alone does not always defeat an action for libel. For words actionable *per se*, malice sufficient to sustain a judgment is presumed. *Rocky Mountain News v. Fridborn*, 46 Colo. 440, 446-7, 104 Pac. 956, 24 L. R. A. (N. S.) 891. In this connection see *Republican Pub. Co. v. Mosman*, 15 Colo. 399; *Republican Pub. Co. v. Miner, supra*.

The 4th reason, that the plaintiff was not the person libeled, is, in substance, the same as the second.

In the 5th ground, that the complaint does not state facts sufficient to constitute a cause of action, we cannot agree with the court below. The complaint alleges, with proper innuendoes, that the article was published of and concerning the plaintiff, (Code 1908, sec. 74,) and if the article be considered as a statement that the plaintiff called the American flag a dirty rag, it is, we think, libelous *per se,* because, if believed, it was certain to bring upon the plaintiff the contempt and hatred of the community in which she lived, especially in times of patriotic excitement such as prevailed in the fall of 1916, when this publication was made. It is true that the article does not say that Mrs. Switzer did so refer to the flag but only that Mrs. Anthony had accused her thereof; but it is the same as if the charge had been directly made. *Meeker v. Post Pub. Co.,* 55 Colo. 355-7-8, 135 Pac. 457, Ann. Cas. 1915A, 126; *Republican Publishing Co. v. Miner,* 3 Colo. App. 568, 34 Pac. 485; *Morse v. Times-Republican Printing Co.,* 124 Iowa, 707, 100 N. W. 867; *Bishop v. Journal Newspaper Co.,* 168 Mass. 327, 47 N. E. 119. See also the authorities cited in 55 Colo. 358, 135 Pac. 458, Ann. Cas. 1915A, 128.

The 6th point, in substance, is the same as the third.

The 7th reason, that the matter is one of qualified privilege, cannot be sustained. The publication of a legal proceeding is qualifiedly privileged, but not until it has gone into court and thereby become public. *Meeker v. Post Pub. Co. supra.* See also *Parsons v. Age-Herald Pub. Co.,* 181 Ala. 439, 61 So. 345. Moreover the qualified privilege permits only the publication of a truthful statement of the matter as it took place in the court. The defendant cannot claim a qualified privilege to say that one has been accused in a legal proceeding when he has not, so even if statements to the district attorney were qualifiedly privileged, the publication of the accusation made of another as having been made of the plaintiff would not be within the privilege.

The fact that no damage was proved, the case being one of libel *per se*, is immaterial. *Republican Publishing Co. v. Miner*, 12 Colo. 86, 20 Pac. 345.

The judgment is affirmed as to the defendant, Anthony. As to the defendant, The Denver Express Publishing Company, it is reversed and remanded.

MR. JUSTICE SCOTT not participating.